## R. P. Roberts *et al.*

*v.*

## Darius Clelland.

1. Judicial sale—*notice to assignee not necessary on motion to set aside.* It is indispensable a purchaser of lands at a judicial sale should have notice of any motion to set aside such sale, but it seems it is not essential that an assignee of the purchaser should have notice; but such assignee should be permitted to come in by petition, within any reasonable time, and obtain leave to contest the motion to set aside the sale.

2. Assignee—*of certificate of sale not an innocent purchaser.* The assignee of the purchaser at a judicial sale acquires no greater equities under the certificate, and before the execution of a deed, than the purchaser himself has, but takes it charged with all defenses which could be interposed against such purchaser, and is chargeable with notice of all irregularities with which the purchaser is chargeable.

Appeal from the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.

Such proceedings were had in the original case of Darius Clelland against the Frear Stone Manufacturing Company and Lewis Cornell, under the Mechanic's Lien Law, that a lien was established in favor of petitioner, and the property described was ordered to be sold, should default be made in payment of amount found due. At a sale under that decree, the property was first offered in separate parcels, and their being no bidders it was sold *en masse* to Carter, solicitor for petitioner, for the amount of decree and costs. The usual certificate was issued to the purchaser. Afterwards, Carter, who was acting on behalf of his client, and by his consent, assigned the certificate of purchase that had been issued to him to R. P. Roberts, G. C. Griffith and Daniel L. Sibley. On motion of Cornell, made

at a term subsequent to the one at which the sale had been reported to the court and confirmed, the sale was set aside. Carter, it seems, was notified, and appeared and defended the motion for himself and his client, the original petitioner, but no notice was given to the assignees of the certificate of purchase, notwithstanding it is alleged it was known by Cornell, before he made his motion to set aside the sale of his property, they were the owners and the real parties in interest. Afterwards, the holders of the certificate of purchase filed a petition, in which they asked to be made parties, and to have the order setting aside the sale reversed, so far as it affected them. The court permitted them to become parties to the record, but refused to cancel or revoke its former order setting aside the sale in the mechanic's lien case. It is from this last order the holders of the certificate of purchase prayed an appeal, and bring the case to this court.

Mr. A. D. CARTER, for the appellants.

Mr. P. L. SHERMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

According to the practice that has always prevailed, it is indispensable a purchaser of lands at a judicial sale should have notice of any motion to set aside such sale on account of any irregularity or for any cause. His rights, and whatever interest he has in the property, are to be affected by the judgment to be pronounced, and it is in accordance with the analogies of the law he should have his day in court. *Dunning* v. *Dunning*, 37 Ill. 306; *Comstock* v. *Purple*, 49 Ill. 158.

But whether that principle can be extended so as to hold that assignees of the certificate must have notice of such motion before any action can be had, admits of some discussion. The purchaser at such sale is always known, because his certificate is a matter of record, but it can not be readily known who is assignee. No record is required by law to be made of such assignment, and it would not be practicable, in many in-

540      ROBERTS *et al. v.* CLELLAND.      [Sept. T.

Opinion of the Court.

stances, to ascertain the name of such assignee, so as to serve notice upon him, should that be held to be necessary to give the court jurisdiction to hear and determine the matter. Such difficulties in discovering such assignees might arise as would defeat all summary remedy by motion. The better practice would be that which was observed in this case, to permit the assignees, when notice comes to them from their assignor or any other source, to come in by petition within any reasonable time, and obtain leave to contest the motion to set aside the sale. That mode secures to such assignees all benefits of previous notice, and avoids the difficulties as to giving notice to unknown parties. This practice was indicated in *Comstock* v. *Purple, supra,* and the rule is a reasonable one.

The property sold under the decree in the mechanic's lien case was purchased by the solicitor of petitioner, and it is conceded it was for the benefit of his client. Both petitioner and his solicitor are chargeable with notice of all irregularities in the sale, and as to them it can not be doubted there was good cause for setting aside the sale of defendant's property. Offering the property in separate parcels, as was done, was not a compliance with the law. The property had been subdivided before decree. It was not offered according to that subdivision, but by a former division that did not then represent the property as it was.

But the protection due innocent purchasers is invoked for the assignees, who are shown to have bought the certificate of purchase for value, without any actual notice of the irregularities that vitiate the sale as to the original purchaser, and that is the principal question in the case.

Certificates given by any officer to a purchaser of lands at a judicial sale, are, by provisions of our statute, made assignable by indorsement thereon; and every person to whom the same shall be so assigned, shall be entitled to the benefits therefrom, in every respect that the person therein named would have had if the same had not been assigned. Such assignee stands in the shoes of the original purchaser. He is entitled to the same benefits therefrom as the original holder,

and must be understood to take such certificate subject to all defenses that could have been made against it in the hands of his assignor. Until a deed is made he can not be said to have superior equities under the statute making such instruments assignable. He is given the same benefits his assignor had, and none others. We have no decision in this State directly upon the point, and we are, therefore, free to give a construction to this statute as on first impression. Counsel cites all the cases in this court that have any bearing on this subject, but it will be perceived they are not analogous, and do not sustain his view of the law.

*Fergus* v. *Woodworth*, 44 Ill. 374, holds a sale of property by a judicial officer ought not to be set aside except when the irregularities complained of do great injustice, and states an exception to the common law rule, where the judgment or decree is reversed defendant shall have restitution of the purchase money and the purchaser shall hold the property sold, to be, where plaintiff is himself the purchaser and still holds under that title, equity will interfere to prevent any such sacrifice of the property as amounts to wrong and oppression.

*Guiteau* v. *Wisely*, 47 Ill. 433, does not declare an innocent purchaser of a certificate of sale will not be affected by a reversal of the judgment or decree in favor of his assignor. The extent of that decision is, that where the assignee bought before reversal of the judgment, and obtained a sheriff's deed, his rights, like those of a third party purchasing at a judicial sale, will not be invalidated by a subsequent reversal of the judgment.

We are unable to perceive the case of *Conover* v. *Musgrove*, 68 Ill. 58, has any bearing on the question we are considering.

The construction we have indicated the statute should receive, stands to reason. An innocent purchaser is one that has the legal title to property, and has paid therefor a valuable consideration, without notice of defects or vices in the title. That can not be predicated of a mere assignee of a certificate of sale, issued to a purchaser under judicial sentence, who is chargeable with notice of all irregularities that may

invalidate such sale. As was said in *Bowman* v. *The People*, *ante*, p. 246, such purchaser does not take the land itself by his bid, but only an incipient interest, that may or may not ripen into an absolute estate. It is simply stating a truism, to say a party can not assign that which he hath not. Such purchaser has not the legal title to the property bought, and of course can not assign it.

On principle, therefore, it would seem such assignee can not be regarded as an innocent purchaser, and entitled to protection as such, until he is clothed with the legal title by a sheriff's deed. The case of *Reynolds* v. *Harris*, 14 Cal. 667, is in harmony with this view of the law.

The order of the circuit court was correct, and must be affirmed.

*Order affirmed.*