## STANG *v.* REDDEN.

### (*Circuit Court, D. Kansas.* June 8, 1886.)

1. MORTGAGE—FORECLOSURE—SALE—CONFIRMATION—TITLE OF PURCHASER.

    The judicial confirmation of a foreclosure sale vests in the purchaser the full equitable right to the mortgaged premises, whether any deed is executed and delivered to him or not.

2. SAME—RIGHT OF PURCHASER BEFORE RECORDING DEED.

    The colorable legal title which, until the recording of a foreclosure deed, the mortgagor retains. is held by him, and those claiming under him, merely in trust for the purchaser, and those claiming under him.

3. SAME—NOTICE.

    The foreclosure record is constructive notice, to all claiming under the mortgagor, of the outstanding equities vested in the purchaser at such fore-closure sale.

In Equity.

Petition for rehearing of bill and cross-bill to quiet title; complainant claiming, by mesne conveyances, from the purchaser at a judicial sale on foreclosure; defendant claiming, by mesne conveyances, under a subsequent purchase from the mortgagor.

*Lawrence, Welch & Lawrence,* for Mr. Stang.

*A. L. Redden* and *W. W. Harris,* for Mr. Redden.

BREWER, J. A petition for rehearing was presented at the last term. The facts in this case are these: Away back in 1859 or 1860 a man named Russum owned a tract of land in Shawnee county, gave a mortgage, and that mortgage was foreclosed, the property sold, and the sale confirmed, but no deed ever made. By various conveyances from the purchaser at that sheriff's sale title passed to Stang. The land was uninclosed and unoccupied. In 1883 Russum, the original owner, (the mortgagor,) quitclaimed to one McClure. He brought suit in the district court of Shawnee county against Stang to quiet his title; obtained service by publication, Stang being a non-resident. Upon such service, no appearance having been made, default was taken, and a decree entered quieting his title. After that decree had been entered McClure deeded to Redden. Within a year Stang entered his appearance in that court, obtained an order setting aside the decree, and leave to file answer. He filed an answer, and then removed the cause to this court. Redden, who purchased after the entry of the decree, and before the order setting it aside, was made a party defendant, and a cross-bill was filed by Stang against Redden, charging that he held only the naked legal title in trust. Upon those facts a decree was entered in this court last term in favor of Stang, adjudging that his was the full equitable title, and that Redden simply held a legal title in trust for him.

Now, after carefully considering the full arguments presented on this rehearing, I see no reason to change the decree. The supreme

court of the United States have held that a decree like that which was rendered in the suit of *McClure* v. *Stang* was absolutely void, for lack of jurisdiction of the person of the defendant. Being an equitable action, and equity acting only upon the person, and the person not being within the jurisdiction of the court, that decree must be treated in the federal courts as void. *Hart* v. *Sansom*, 110 U. S. 151; S. C. 3 Sup. Ct. Rep. 586. Redden, purchasing from McClure after that decree, got no higher title—no better title—to the land than he would have had but for the decree. He simply purchased from Mc-Clure, who had purchased from Russum, and all that he got was the naked legal title, the full equitable title being in Stang. Counsel says in his brief that Redden purchased upon the advice of counsel, —advice to the effect that McClure had a perfect title, legal and equitable; and, further, in reliance upon the decree,—a decree authorized by the letter of the statute. I do not think the advice of counsel cuts any figure in the case at all. It is not a question of the good faith of the transaction. He was chargeable with notice of all that the records of Shawnee county showed. They showed a mortgage from Russum to his mortgagee. They showed, in the records of the district court, the foreclosure of that mortgage, the sale of the property, and the confirmation of the sale, and therefore the vesting of the full equitable title in the purchaser. They showed the conveyances from that purchaser down to Stang. So, whether he did, as a matter of fact, examine the records or not, he had constructive notice that the full equitable title was in Stang; and whether counsel advised him otherwise is immaterial.

There is one matter of costs that I think there was an error in, and should be corrected. The decree charged all costs against Redden; and, of course, upon the face of it, that carried all the costs in the suit from the time that McClure filed his bill, before Redden had acquired any interest in the land, or had been made a party to the suit,—all the costs of the state, as well as this, court. That is a mistake, and the order will be modified so as to carry the costs against Redden from the time only that he was made a party to the suit. The other costs will be paid by McClure, the party who commenced the action.