## Rogers v. Beam's Executor.

(Decided March 21, 1916.)

### Appeal from Kenton Circuit Court (Criminal, Common Law and Equity Division).

1. Execution—Redemption—Sale of Equity of.—Under section 2365 of Kentucky Statutes, the equity of redemption may be sold either under supplemental proceedings in the suit, or under the execution issued on the judgment.

2. Execution—Equity of Redemption—Owner May Sell and Defeat Judgment Creditor.—Before an execution has created a lien on the equity of redemption, or an order for its sale has been made, the owner may sell it.

3. Execution—Redemption—Equity of Mortgage Lien Does Not Attach.—When there is a sale of real property to satisfy a mortgage

or other lien, the lien is exhausted by the sale and does not at-
tach to the equity of redemption.

O. M. ROGERS and R. S. WILLIAMS for appellant.

MACKOY & MACKOY and W. H. MACKOY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1908, John W. Beam executed his note to Hines
Beam, and to secure its payment executed to Hines Beam
a mortgage on some real property in Kenton county.
Hines Beam brought suit to have judgment for the
amount of the note and to enforce his mortgage lien;
and on January 12, 1914, there being no defense, a per-
sonal judgment was taken against John W. Beam for
the amount of the note and an order entered directing a
sale of the mortgaged property.

On February 3, 1914, the whole of the property cov-
ered by the mortgage was sold by the commissioner of
the court, for less than two-thirds of its appraised value,
to the appellant, Rogers. On February 23, 1914, the
report of sale was confirmed and a deed ordered to be
made to the purchaser.

In July, 1914, John W. Beam executed a deed to
Rogers, conveying to him, in consideration of $25, all his
right, title and interest in the mortgaged property, and
on the same day an order was entered in the case set-
ting out that "John W. Beam having sold and conveyed
to the purchaser, Rogers, his equity of redemption in
and to the property sold herein, hereby consents that
said property may be deeded to the said Rogers upon the
payment of purchase price and interest."

In December, 1914, Hines Beam having died, his ex-
ecutor came into the case and moved the court to set
aside so much of the order made in February, 1914, as
directed a deed made to O. M. Rogers, and asked the
court to order a sale of the equity of redemption in the
mortgaged property so that it might be sold in satisfac-
tion of the balance due on the mortgage debt.

In opposition to this motion, Rogers filed a pleading
in which he set up his purchase from John W. Beam of
his right of redemption, and, claiming that his purchase
of the right of redemption, in connection with his pur-
chase at the judicial sale, invested him with the title to
the whole of the mortgaged property, asked that the mo-
tion made by the executor of Hines Beam for a sale of

the equity of redemption be denied. The court, however, overruled this objection and ordered a sale of the equity of redemption to satisfy the balance due on the judgment of Hines Beam, and from the judgment ordering a sale Rogers prosecutes this appeal.

The question, therefore, is this: Where real property is sold for less than two-thirds of its appraised value, and for less than the amount of the judgment debt, which is secured by a lien on the land, can the judgment defendant, before an execution issued for the balance due on the judgment, create a lien on the equity of redemption, or before an order in the case is made directing its sale, sell his equity of redemption and thereby defeat the right of the judgment creditor with a lien to subject the equity of redemption to the balance due on his mortgage debt?

Section 2364 of the statute provides: "If the real estate which may be sold in pursuance of such judgment or order does not bring two-thirds of such valuation, the defendant and his representatives shall have the right to redeem the same within a year from the day of sale, by paying the purchaser or his representatives the original purchase money, and ten per centum per annum interest thereon."

And section 2365 reads: "If the judgment in pursuance of which such sale is made be not satisfied by such sale, the right of redemption herein provided for may be sold in satisfaction of the residue of such judgment; and the said right of redemption shall also be liable to sale under execution. The land shall in such case be subject to redemption from both purchasers until the end of a year from the first sale. The purchaser of the right of redemption may, before the end of a year from the first sale, pay the prior purchaser his purchase money and interest as herein provided for, and in that event be entitled to the land unless redeemed by the defendants. A sale made in pursuance of any such judgment or order shall be reported to the court by the commissioner or officer who made the same, and the report shall state at what sum the property sold was appraised. If the report is not excepted to, the sale may be confirmed, but if the land is redeemed, as provided in this article, the confirmation shall thereafter be null and void."

As the statute expressly provides that the judgment debtor's right of redemption may be' sold in satisfaction of the balance due on a judgment ordering the sale of the property when it does not bring enough at the sale to satisfy the judgment, there can be of course no question made as to the right of the judgment creditor to have a sale of the equity of redemption for the purpose of satisfying the balance of his judgment unpaid. But when the land is sold to satisfy a mortgage or other lien, the lien is exhausted by the sale and the lien-holder has no lien by virtue of his mortgage or other security on the equity of redemption. He may sell it to satisfy the remainder due on his judgment, but the right to have this sale grows out of the fact that he has an unsatisfied judgment, and the fact that he had a lien on the land does not enter into the question at all.

So that when Hines Beam had this land sold for the purpose of paying his mortgage debt, his lien was extinguished by the sale under the decree when it was confirmed. Thereafter he had no lien. He only had the right of any other judgment creditor to have the equity of redemption sold to satisfy the unpaid part of his judgment. This he could have done by filing a supplementary petition in the case, asking a sale under decree of court, or he could have issued an execution for the balance due on his judgment and had it sold under the execution. But his right to a sale of the equity of redemption under either of these courses was subject to be defeated by a sale of the equity of redemption by the judgment debtor before a lien was created on it by the execution, or before it was ordered to be sold under the judgment on the supplementary petition. When the first sale was made and confirmed, the equity of redemption was free from the lien of the mortgage, and the judgment debtor had the same right to sell it that he had to sell any other property not encumbered by a lien.

If the creditor with an execution or an order of court wants to make the property covered by his lien bring its value or the amount of his debt, he can do so at the sale, but if he does not choose to do this and lets the property sell for less than two-thirds of its appraised value, his lien, whether it be by virtue of an execution or mortgage or other contract, is exhausted and the debtor can do what he likes with his equity of redemption before another execution lien is created or an order

is made directing its sale. These views are fully supported by Makibben v. Arndt, 88 Ky. 180; Mori v. Howard, 143 Ky. 480; Crittenden v. Beck, 10 Ky. L. R. 823; Ogle v. Koerner, 140 Ill. 170; Jones on Mortgages, 6th ed., vol. 2, sec. 1051c.

Wherefore, the judgment appealed from is reversed, with directions to the lower court to deny Beam's executor the relief sought.