(No. 2816, Aug. 22, 1924.)

GUNBY et al. v. DOUGHTON

(SYLLABUS BY THE COURT.)

A mortgagor of real estate is not entitled to retain possession of the property after the confirmation of the sale thereof, under decree of foreclosure.

Appeal from District Court, Curry County, Bratton, Judge.

Action by Hazel M. Gunby and others against C. F. Doughton. From a judgment for defendant, plaintiffs appeal. Affirmed.

Walter W. Mayes, of Clovis, for appellants.

Statutes giving a right of redemption after foreclosure sales are to be construed liberally; while their terms are not to be extended by implication beyond what the legislature has authorized, the construction in any case of doubt or ambiguity should be in favor of the right to redeem. 27 Cyc. p. 1800, Sec. 2; Whitehead v. Hall, 148 Ill. 253, 35 N. E. 871; Thornley v. Moore, 106 Ill. 496; Schuck v. Garlach, 101 Ill. 338; North Cent. R. Co. v. Hering, 93 Md. 164, 48 Atl. 461; Lightbody v. Sammers, 98 Minn. 203, 108 N. W. 846; Bruschke v. Wright, 166, Ill. 183, 46 N. E. 813; Frink v. Murphy, 21 Cal. 108; 81 Am. Dec. 149; 19 R. C. L. 638. See also Stearne Roger Co. v. Aztec G. M. & M. Co., 93 Pac. 706.

A mortgagor of real estate is entitled to retain possession of the property after the confirmation of the sale thereof under decree of foreclosure. 19 R. C. L. pp. 627 and 630; 27 Cyc. pp. 1738, 1743 (Sec. 9), 1744 (Sec. B.), and 1745 (sub-Sec. D) ; Stevens v. Hadfield (Ill.), 52 N. E. 875; Haigh v. Carrol, 209 Ill. 576, 71

N. E. 317; Rawson v. Bethseda Baptist Church, 6 L.
R. A. (N. S.) 448 and notes; Essex Savings Bank v.
Meridian Fire Ins. Co., 4 L. R. A. 759; Stephens v.
Ill. Mutual Fire Ins. Co., 11 A. L. R. 1309 and an-
notations; Orr v. Bennett, 4 A. L .R. 1398; Dolan v.
Midland Blast Fur. Co. (Ia.), 100 N. W. 45; Pioneer
S. & L. Co., v. Farnham (Minn.), 52 N. W. 897; Mich.
Trust Co. v. Lansing (Mich.), 61 N. W. 668; Amer.
Ins. Co. v. Farrar (Ia.), 54 N. W. 361; Ray v. Hender-
son (Ill.), 71 N. E. 579; Standish v. Musgrave (Ill.),
79 N. E. 161; Schaeppi v. Bartholomae, 75 N. E. 447,
1 L. R. A. (N. S.) 1079; Stout v. Keyes, 43 Am. Dec.
465; Loy v. Home Ins. Co., 31 Am. Rep. 347; Purser
v. Cady (Cal.), 52 Pac. 489; Hibernia Sav. & Loan
Co. v. Brittain (Cal.), 129 Pac. 797; Cochran v. Coch-
ran (Wash.), 195 Pac. 225; Traer v. Fowler, 144 Fed.
810; Costigan v. Truesdale, 83 S. W. 98, 115 A. S. R.
341; Elmira Mech. Society v. Stanchfield (Colo.), 160
Fed. 813; Jones on Mortgages, 7th Ed., Vol. 2, par.
1051B; Sutherland v. Long, 112 N. E. 660.

W. A. Havener, of Clovis, for appellee.

The purchaser at a foreclosure sale is entitled to the
possession of the property sold. Maddin v. Robertson,
133 Pac. 1128; Cooley's Blackstone, Third Edition,
Vol. 1, pp. 420, 421, 422 and notes; Dow v. Railroad
Co., 20 Fed. 260; Words and Phrases, Vol. 4, pp. 220,
221; 13 Cyc. 572; 19 R. C. L. Sec. 454; 27 Cyc. 1737;
Babcock v. Kennedy, 18 Am. Dec. 695; Lanier v. Mc-
Intosh, 38 A.-S. R. 676; Benton Land Co. v. Zeiler, 81
S. W. 193; Allen v. Ranson, 100 Am. Dec. 282; Lacy
v. Gibboney, 88 Am. Dec. 145; Danehower v. Dawson,
44 L. R. A. 193; Kibbe v. Ditto, 93 U. S. 674; 23 L.
Ed. 1005; Beall v. Hardwood, 3 Am. Dec. 432; Kitchum
v. Robertson, 12 N. W. 377; Lowery v. Tillery, 18 N.
W. 452; Rodriguez v. Haynes, 13 S. W. 296; Las
Vegas Power Co. v. Trust Co., 126 Pac. 1009; 19 R.
C. L. pp. 314, 316, 317; Edwards v. Woodbury, 3 Fed.
14; Kitchen v. Schuster, 14 N. M. 164, 89 Pac. 261.

OPINION OF THE COURT

PARKER, C. J.   The question involved in this appeal

is whether a mortgagor of real estate retains the right to possession after sale under a decree of foreclosure, and until the nine months' period of redemption has expired, or whether the purchaser at the sale is entitled to be let into possession immediately upon the confirmation of the sale. The subject is not specifically regulated by statute as it is in some states. These statutes provide that a certificate of sale, only, shall be delivered to the purchaser, but that deeds shall be delivered only after the redemption period has expired. In such case, of course, the mortgagor may retain possession during the redemption period, for his title, until that time, has not been passed to the purchaser. But in this jurisdiction, we have a different situation. In this connection it is to be remembered that by a decree of foreclosure, and a decree of confirmation of sale thereunder, all of the right of the parties are merged and passed to the purchaser. The mortgagee no longer has any mortgage lien, and the mortgagor no longer has any title to the property. The sole right remaining to the mortgagor is the right to redeem, a right, which does not arise out of the mortgage or the decree, but a right which is extended to him by statute, whereby he may defeat the title of the purchaser. One section of the forcible entry and detainer statute bears upon this question and it is the fourth subdivision of section 2384, Code 1915, which provides:

"When the defendant continues in possession after a sale by foreclosure of mortgage, or on execution, unless he claims by a title paramount to the mortgage by virtue of which the sale was made, or by title derived from the purchaser at the sale."

It is to be seen that this section puts foreclosure sales and execution sales upon the same basis. If an execution defendant is not entitled to possession during the redemption period of one year, a mortgagor is not entitled to possession after confirmation of the sale. To hold. that either are so entitled, would be to nullify this statute. Counsel relies upon Section 571, Code 1915, which provides that in the absence of a stipulation to the contrary, the mortgagor has the right to

possession. This statute evidently refers to the time prior to foreclosure and sale, and has no application to the present consideration.

It follows that the action of the court in issuing a writ of assistance and putting the purchaser into possession was correct, and should be affirmed; and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., having tried the case below, did not participate in this decision.