**DICKINSON-REED-RANDERSON CO. et al. v. MARKLEY et al.**

No. 16060—Opinion Filed Jan. 19, 1926.

**1. Judicial Sales—Rights of Assignee of Bidder on Land.**

A bidder to whom the property has been struck off at a judicial sale may assign his bid before the confirmation of sale and the execution and delivery of deed, and if the court, with full knowledge of the assignment, finds no fraud, irregularity, or inequities, and confirms the sale, the deed may be made directly to the assignee and pass the title to him.

**2. Same—Validity of Sale—Inadequacy of Price.**

Inadequacy of the price obtained for property at a sheriff's sale which has been in all respects regular, will not be sufficient to avoid the sale, unless the person who has

suffered thereby has been, at the time of the sale, under some kind of legal disability or restraint, which has prevented him from attending it, or unless circumstances of a fraudulent character be shown.

**3. Same—Notice of Time of Sale—Legal Notice.**

Parties interested in a judicial sale have no right to rely upon an agreement made with the officer, whose duty it is to conduct the sale, to the effect that the officer will notify said party of the exact time at which the sale will be made; but all parties must rely upon and be governed by the notice given of the time, place, and manner of sale, duly published as required by law.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by the Dickinson-Reed-Randerson Company against Arthur Pittman et al. Judgment for plaintiff, and from order of court approving judicial sale to T. M. Markley, plaintiff and defendant named appeal. Affirmed.

Rainey & Flynn and Thos. F. Shaw, for plaintiffs in error.

E. L. Kirby and T. M. Markley, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Wagoner county by plaintiff in error Dickinson-Reed-Randerson Company, as plaintiff, against Arthur Pittman et al., defendants, to recover judgment on two certain promissory notes for $120 each, and to foreclose a certain mortgage securing the payment of said notes executed by the said Arthur Pittman to the plaintiff, covering 80 acres of land, upon which there was an additional mortgage securing $1,200. Upon the trial of the case judgment was rendered for the plaintiff for the amount sued for, and foreclosing the mortgage, and pursuant to said judgment the land was duly advertised and sold by the sheriff of Wagoner county on the expiration of the six-months period for redemption, and plaintiff filed an objection or protest to the confirmation of sale of the land to the defendant in error T. M. Markley, upon the grounds that the sheriff or some member of his force had agreed to call the attorney of the plaintiff and advise him as to the exact hour when the land would be sold, and it seems that the officer neglected or forgot to call the attorney, and hence no representative of the plaintiff was present at the sheriff's sale. Plaintiffs in error also allege and urge that the price

bid was inadequate, and that the appellee Markley was not a bidder at the sheriff's sale.

The court approved the sale to the appellee Markley, over the objections of the appellants, from which order this appeal was prosecuted. Appellee contends that the appeal should be dismissed for the reason that parties who were named as defendants in the original foreclosure proceedings were not made parties to this appeal, and cites a number of Oklahoma authorities holding —"That the absence of a party to a joint judgment, who will necessarily be affected by a reversal thereof, defeats the jurisdiction of the appellate court and prevents a review of the judgment". But this line of authorities has no application to the facts in this case. No appeal was taken by the defendants from the judgment rendered in the case, but this appeal is by the plaintiff and principal defendant from the order of confirmation made over their protest against the confirmation of sale, and is against the purchaser, T. M. Markley, to whom the sale has been confirmed.

The first proposition urged by appellants is that the order of confirmation of sale should be reversed or vacated because of irregularities in the proceedings, in that at the sheriff's sale, one C. W. Walcott bid $150, which was the highest and best bid, and thereafter assigned his bid to the appellee Markley, who paid the sum of $200 for same. This amount was paid into court for the benefit of plaintiff, and the sale was confirmed to Markley, the assignee of the bidder, Walcott. This procedure seems to be permissible. In 35 C. J. sec. 147, the author announces the rule as follows:

"A bidder to whom the property has been struck off at a judicial sale may assign his bid before the deed has been delivered, and the deed will be made directly to the assignee and pass the title to him. * * * The assignee of a bid takes the same interest that his assignor had and stands in his shoes and is subject to whatever may be ordered against the original bidder. * * * A bona fide grantee for value from a purchaser at a judicial sale is not affected by irregularities, mistakes, or fraud of which he did not have notice, although as to the grantor the sale might have been set aside."

A similar rule is announced in 16 R. C. L. 75, section 53:

"The accepted bidder may, in a proper case, assign his bid and procure an order from the court discharging him from his contract and substituting the assignee in his stead. And the assignee by accepting the assignment and requesting a conveyance to be made to him submits himself to the jurisdiction of the court, and may be compelled to make payment by the same proceedings which, but for the assignment, might be prosecuted against the original purchaser. A court of equity will never, where the facts are known to it, confirm a sale where the bidder has sold his bid at an advance, unless the advance paid, or to be paid, inures to the benefit of the parties to the suit. It does not allow bidders to trade behind its back, and speculate in that way on property which it is selling."

The rule as announced has been followed in the case of Bagby v. Warren Deposit Bank (Ky.) 49 S. W. 177; Archer v. Archer (N. Y.) 50 N. E. 55; Proctor v. Farnam, 5 Paige Ch. 614. Under this line of authorities we find that the procedure followed was authorized and not violative of any rule of law, and therefore we find that there is no merit in appellants' contention in this particular.

The second proposition urged is that the consideration paid at the sheriff's sale was so inadequate that same should not have been approved by the court. The record discloses that the 80-acre tract of land was worth from $2,000 to $2,400, according to the evidence of the plaintiff in error; the purchaser bought the land subject to a mortgage of $1,200, making a total consideration of $1,400 for the land. This we do not regard as so inadequate as to justify a reversal of this case. Inadequacy or adequacy of consideration is one of the questions which the trial court must pass upon at the time of confirmation, and it is a matter largely of discretion, and this court should not reverse or vacate confirmations of sale unless it clearly appears that there has been an abuse of discretion. In this case the proceedings were regular and according to law; notice was duly given, and there was a fair opportunity to all persons interested to appear and bid at the sale.

This court in the case of Sparks v. City National Bank of Lawton, 21 Okla. 827, 97 Pac. 575, said:

"A motion to set aside a judicial sale is addressed to the reasonable discretion of the court, and in the absence of an abuse of that discretion, this court will not interfere. * * *"

And in the case of Morrison v. Burnette, 154 Fed. 617, the Eighth Circuit Court of Appeals said:

"Before confirmation, a sale will not be set aside for mere inadequacy of price, unless it is very great; yet, if the inadequacy be great, slight circumstances of unfairness

in the conduct of the party benefited will be sufficient to open it for further bids."

A very extensive discussion will be found in the above case on the question of inadequacy of consideration. The case of McLain Land & Investment Co. v. Swofford Bros. Dry Goods Co., 11 Okla. 429, 68 Pac. 502, is a case somewhat similar to the one at bar, and we find therein the following rule:

"Mere inadequacy of price, however great, will not justify the court in setting aside a sale which has been in all respects regular, of which the plaintiff in error must be held to have had notice, and of which he has not complained, and to which he has no cause for complaint except inadequacy of price. The court cannot undertake to set aside the operation of the law in order to relieve those who suffer through their own negligence, and who disregard the proceedings leading up to and which are consummated in the sale, until after the sale has been made. After a sale, which has been regular in all respects, the court has no discretion to set aside the sale, and to require that a subsequent tender should be accepted in behalf of and intended to relieve those who have neglected the sale made in conformity to the law, from the natural consequences of such neglect."

And this authority has been followed by this court in numerous instances. The only irregularity here complained of is that the sheriff failed to call the attention of counsel to the exact time when he would sell the property. The law prescribes the procedure, and when the law has been complied with, this is sufficient, and it would be dangerous to establish the rule here contended for, that the mere verbal agreement of an officer to call attention of counsel to the hour when the sale would take place should control or affect the sale in anywise, and if there is any element of unfairness involved, it was by reason of the conduct of the plaintiff, at least grew out of its conduct, and neither the court nor the appellee should be charged with same, and, in our judgment, the inadequacy of the consideration is not sufficient to justify a reversal of this case. We therefore find that the judgment should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 93 §147; anno. 42 L. R. A. (N. S.) 1206; 16 R. C. L. p. 75. (2) 35 C. J. p. 101 § 164; anno. 1 A. L. R. 1443; 11 A. L. R. 399; 16 R. C. L. p. 95; 3 R. C. L. Supp. p. 542; 4 R. C. L. Supp. p. 1044; 5 R. C. L. Supp. p. 870. (3) 35 C. J. p. 101 §162.