8 P.(2d) 1061

**FIRST STATE BANK OF TAOS v. WHEAT-CROFT et al.**

**VOKICH v. WHEATCROFT.**
No. 3567.

Supreme Court of New Mexico.
Oct. 10, 1931.

On Rehearing Jan. 2, 1932.

Application for Leave to File Second Motion for Rehearing Denied Jan. 19, 1932.

Crampton & Darden, of Raton, for appellant.

A. C. Voorhees, of Raton, for appellees.

HUDSPETH, J.

Real estate and chattels were sold under a decree foreclosing mortgage liens of the First State Bank of Taos, plaintiff, against George B. Wheatcroft and Rebecca C. Wheatcroft, defendants, who executed the mortgages. Plaintiff became the purchaser at the master's sale. Upon the hearing on the special master's report of sale, the court rendered a deficiency judgment for $1,536.58 on that portion of the indebtedness secured by the chattel mortgage, approved the sales, and ordered the special master to execute and deliver the certificate of purchase, copy of which was attached to the report of sale. The certificate of purchase is dated the day of the sale, and recites that the special master has sold and conveyed the real estate (describing it) and the chattels (describing them) to the plaintiff. Later the defendants conveyed the right of redemption to their daughter, Rebecca E. Wheatcroft, appellee, who, within nine months from the date of sale, attempted to redeem from the purchaser. The purchaser received her money, and issued to her a receipt therefor "in full redemption" of the land sold by the master. Thereafter, appellee filed her petition for a writ of assistance.

John Vokich, appellant, intervened, and in his answer to the amended petition of appellee alleged that he was the owner and in possession of the premises, and the only person entitled under the statute to receive the money in redemption of the property; that the purchaser, the First State Bank of Taos, so informed appellee before it received the redemption money. In support of his allegation of ownership, he set out an assignment of the certificate of purchase and of the deficiency judgment, which is in the ordinary form of an assignment of judgment. Appellant further alleged that the appellee had personal knowledge of his possession, and that her attorney inspected the assignment before the attempted redemption. As a further defense, appellant alleged that the conveyance of the right of redemption by the mortgagors to the appellee was without consideration; that the mortgagors were insolvent, and furnished a part of the money paid to the bank by the appellee in her attempt to redeem, all for the purpose of preventing the appellant from collecting his deficiency judgment; and that the appellee was in a court of equity with unclean hands.

The court rendered judgment on the pleadings in favor of the petitioner Rebecca E. Wheatcroft, and the intervener, John Vokich, appeals.

█ 1. Appellant maintains that the certificate of purchase and the assignment thereof by the First State Bank of Taos to appellant were, in fact, deeds; that the purchaser was divested of all of its title, whether legal or equitable, in the mortgaged premises; and that the payment by appellee to the purchaser, after notice of the assignment and possession of appellant, was ineffective as a redemption of the mortgaged premises.

New Mexico Statutes Annotated 1929, § 117-119, is our redemption statute, and so much of that section as is pertinent reads as

follows: "Any real estate which may be sold under any order, judgment or decree of any court, may be redeemed by the mortgagor, or his assign or any other party interested in said real estate by paying to the purchaser or his assign the amount paid, with interest from the date of purchase at the rate of twelve per centum per annum at any time within nine months from the date of sale."

Both parties cite Gunby et al. v. Doughton, 30 N. M. 144, 228 P. 603, where Mr. Justice Parker, in the opinion of the court, said: "The question involved in this appeal is whether a mortgagor of real estate retains the right to possession after sale under a decree of foreclosure, and until the nine months' period of redemption has expired, or whether the purchaser at the sale is entitled to be let into possession immediately upon the confirmation of the sale. The subject is not specifically regulated by statute as it is in some states. These statutes provide that a certificate of sale, only, shall be delivered to the purchaser, but that deeds shall be delivered only after the redemption period has expired. In such case, of course, the mortgagor may retain possession during the redemption period, for his title, until that time, has not been passed to the purchaser. But in this jurisdiction, we have a different situation. In this connection it is to be remembered that by a decree of foreclosure, and a decree of confirmation of sale thereunder, all of the rights of the parties are merged and passed to the purchaser. The mortgagee no longer has any mortgage lien, and the mortgagor no longer has any title to the property. The sole right remaining to the mortgagor is the right to redeem, a right, which does not arise out of the mortgage or the decree, but a right, which is extended to him by statute, whereby he may defeat the title of the purchaser."

It is the usual practice in this jurisdiction for a deed to be delivered to the purchaser upon the confirmation of a sale. Appellant contends that the so-called certificate of purchase is, in fact, a deed. In some states, statutes provide for the issuance of certificates of purchase, and make them assignable by indorsement. Chytraus et al. v. Smith, 141 Ill. 231, 30 N. E. 450; Roberts v. Clelland, 82 Ill. 538. A deed is issued only after the expiration of the period of redemption in these states. We have no statute authorizing the issuance of such a certificate, but it does not follow that the parties intended the certificate of purchase to be a deed; the title given the instrument would indicate the contrary.

It is suggested that the court authorized the delivery of the certificate of purchase. There was no appearance by defendants, and plaintiff was the purchaser at the master's sale. The order of the court authorizing the delivery of the certificate was, no doubt, prepared by its attorney. If the purchaser did not desire the legal title conveyed to it at the time of the approval of the sale, we see no reason why the court should have insisted upon it. It was evidently the intention of

the parties that a deed was later to be executed.

In the case of Bergere v. Chaves, 14 N. M. 352, 93 P. 762, 764, 51 L. R. A. (N. S.) 50, our territorial court said: "In arriving at a conclusion as to whether or not the writing which is the basis of this controversy is a deed or contract, we must consider it as an entirety. We cannot pick out a few words or a line here and there, and determine from them what it is. As the Supreme Court of the United States says: 'We agree generally that although there are words of conveyance in præsenti in a contract for the purchase and sale of lands, still, if from the whole instrument it is manifest that further conveyances were contemplated by the parties, it will be considered an agreement to convey, and not a conveyance. The whole question is one of intention to be gathered from the instrument itself.' "

The equitable title, only, vested in the purchaser upon the approval of the sale. The legal title was not conveyed by the certificate of purchase. Gunby et al. v. Doughton, supra; Stang v. Redden (C. C.) 28 F. 11; 35 C. J. 60.

The rule as to the interpretation of our redemption statute is stated by Mr. Justice Hanna, speaking for the court, in Mining Company v. Mining Company, 18 N. M. 153, 135 P. 78, 80: "As a general rule we agree that a statutory right of redemption is to be favorably regarded, but it is a statutory right that is not to be enlarged by judicial interpretation. We cannot extend the time allowed for redemption, nor waive any condition attached by the statute."

Here the question to be decided is the construction to be placed upon the phrase, "by paying to the purchaser or his assigns," appearing in our statute—whether under the facts in this case the payment to the purchaser effected a redemption. The rule is laid down in 42 C. J. p. 353, § 2081: " * * * While the terms are not to be extended by implication beyond what the legislature has authorized or intended, the construction in any case of doubt or ambiguity should be in favor of the right to redeem. * * * "

In many jurisdictions the redemptioner may make certain his redemption by paying the redemption money to the official making the sale, or to the clerk of the court out of which the order of sale issued. There is no such provision in our law. Richardson v. Pacheco, 35 N. M. 243, 294 P. 328. Here the redemptioner pays his money to the wrong party at his peril. The Legislature evidently did not intend that the purchaser at judicial sales, and his associates, or assigns, by complicating the title, could jeopardize or make hazardous the exercise of the right of redemption. In states with statutes similar to ours, the requirement is only that all owners of the fee be brought in on redemption. Smith v. Jack, 209 Ala. 520, 96 So. 419; Hargett v. Franklin County et al., 212 Ala. 423, 103 So. 40; Citizens' Natl. Bank v. Western L. & B. Co., 64 Mont. 40, 208 P. 893.

There would be a different condition if the bid of the purchaser had been assigned before the confirmation of the sale, and the court had ordered the delivery of the deed to the assignee. Dickinson-Reed-Randerson Co. et al. v. Markley, 117 Okl. 17, 244 P. 754.

We are constrained to hold that the redemptioner can redeem from the purchaser at the foreclosure sale, as shown by the court record, so long as he is not divested of the legal title.

2. Appellant, as a judgment creditor of the mortgagors, contends that the court erred in granting the appellee the writ of assistance by reason of the transfer of the right of redemption to her without consideration by the insolvent mortgagors, and the furnishing by said mortgagors of part of the redemption money. The statutory right of redemption is assignable. Watson v. First Natl. Bank of Roswell, 23 N. M. 372, 168 P. 488; Loomis v. Natl. Supply Co., 99 Kan. 279, 161 P. 627. And when the assignee of the mortgagors redeems he takes the title of the purchaser at the foreclosure sale and free of subsequent judgment liens. Gunby et al. v. Doughton, supra; Johnston v. Wear, 110 Kan. 237, 204 P. 141; Simpson v. Castle, 52 Cal. 644; Rogers v. Beam, 169 Ky. 239, 183 S. W. 930; Jones on Mortgages (6th Ed.) § 1360.

The question as to the relative rights of a judgment lien creditor of the mortgagor and the mortgagors, as regards the right of redemption, is not involved in this case. The intervener took no step during the period of redemption to collect his judgment. If he were able to maintain his position and defeat the redemption by the assignee he would still have his judgment against the mortgagors unimpaired. It would not be in keeping with the spirit of the redemption law, one purpose of which is to prevent the sacrifice of property at foreclosure sales, to sustain his position. The judgment creditor has his remedies. See Lynch v. Burt (C. C. A.) 132 F. 417. This is not a cause in which his rights as against the mortgagors may be litigated.

Finding no reversible error in the record, the judgment will be affirmed; and it is so ordered.

## On Rehearing.

In our opinion we said: "In many jurisdictions the redemptioner may make certain his redemption by paying the redemption money to the official making the sale, or to the clerk of the court out of which the order of sale issued. There is no such provision in our law."

Since the hearing in this case, the New Mexico Legislature, in its 1931 session, enacted chapter 149, relating to redemption of real property sold under execution, order, judgment, or decree, and providing that the redemption money in cases of this class may be deposited with the clerk of the district court. The motion for rehearing raises no question not considered by us. It follows from our holding that the First State Bank of Taos was the proper party to receive the redemption money; that only that bank could raise questions of the sufficiency of appellee's petition, or the correctness of the amount

paid in redemption of the mortgaged premises.

Motion denied.

BICKLEY, C. J., and SADLER, J., concur.

WATSON and PARKER, JJ., did not participate.