523 P.2d 14

**S. F. MINOR, Plaintiff-Appellee,**

**v.**

**Fred A. RIEBOLD, Defendant-Appellant.**

**No. 9822.**

Supreme Court of New Mexico.

April 12, 1974.

C. N. Morris, Silver City, for defendant-appellant.

J. Wayne Woodbury, Silver City, for plaintiff-appellee.

OPINION

OMAN, Justice.

This is a suit in which plaintiff seeks recovery of possession from defendant of the

real estate which plaintiff purchased at the foreclosure sale referred to in Speckner v. Riebold, 86 N.M. 275, 523 P.2d 10, opinion filed April 5, 1974. The magistrate court, in which the suit was filed pursuant to § 36–12–1, subd. A(4), N.M.S.A. 1953 (2nd Repl. Vol. 6, 1972), held for plaintiff and defendant appealed to the district court. The case was tried de novo in the district court pursuant to §§ 36–15–3 and 36–21–42(g), N.M.S.A. 1953 (2nd Repl. Vol. 6, 1972). The district court entered judgment for plaintiff and defendant again appealed. We affirm.

In the Speckner case we upheld the validity of the district court's action in ordering the issuance of the Commissioner's deed to the purchaser [plaintiff] before the redemption period had expired, even though the court had at first ordered that the Commissioner should not issue a deed to the purchaser at the foreclosure sale until after the redemption period had expired.

■ Defendant's first contention on this appeal is that both the magistrate court and the district court lacked jurisdiction to decide the issue of who was entitled to possession of the property. He predicates his contention upon his claim that the Speckner case involved questions of title to the property; that since the validity of the proceedings in that case was necessarily involved in the present case, the present case was also concerned with questions of title; that questions of title may not properly be investigated in unlawful detainer actions [§ 36–12–2(C), N.M.S.A. 1953 (2nd Repl. Vol. 6, 1972)]; and that the questions of title involved in the Speckner case were pending before this court on appeal. The only question of title in the Speckner case was that of the validity of the order of the district court under which the deed was issued to plaintiff, and that question has been resolved against defendant.

■ Since the validity of the actions of the district court were upheld in the Speckner case, there can be no merit to defendant's next contention that plaintiff "had no right to delivery of a deed to the property."

■ There is also no merit to defendant's final contention that plaintiff was not entitled to possession of the property. Although the right of plaintiff to possession was not directly involved in the Speckner case, it was assumed by us that defendant's rights to possession had been adversely affected and it was observed that the right of possession in a purchaser at a foreclosure sale arises upon the issuance to him of a Commissioner's deed. In addition to the case and statutory authority cited in the Speckner opinion in support of this observation, see also First State Bank of Taos v. Wheatcroft, 36 N.M. 88, 8 P.2d 1061 (1931); § 36–12–1, subd. A(4), supra.

The judgment of the district court should be affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.