868 P.2d 652

J.T. TURNER and Idra M. Turner,
Plaintiffs–Appellees,

v.

LES FILE DRYWALL, INC., a New Mexico corporation, and Leslie C. File, individually, Defendants–Appellants.

No. 20802.

Supreme Court of New Mexico.

Jan. 24, 1994.

Robert M. Janes, P.A., Robert M. Janes, Albuquerque, for appellants.

Fairfield, Farrow, Hunt, Reecer & Strotz, P.C., John E. Farrow, Steven R. Fairfield, Albuquerque, for appellees.

## OPINION

FROST, Justice.

The motion for rehearing filed herein is denied. This opinion is hereby substituted for the opinion heretofore entered in this matter.

This appeal comes before us from an award of summary judgment in favor of the plaintiffs-appellees J.T. and Idra M. Turner (the "Turners") and against the defendants-appellants Les File Drywall, Inc. and Leslie C. File ("Les File"). We reverse the award of summary judgment and remand to the district court for proceedings consistent with this opinion.

### FACTS

In this case, the First National Realty Corporation bought the subject property and executed two mortgages. The Resolution Trust Corporation ("RTC"), successor to one of the mortgagees, foreclosed on First National's property. The RTC filed a notice of lis pendens in conjunction with the foreclosure action.[1] Subsequent to the filing of the notice of lis pendens the Turners acquired and filed a judgment lien against First National. After the foreclosure sale, First National assigned its statutory right of redemption to Les File. Les File then redeemed the property from the RTC. Afterwards, the Turners filed a foreclosure action against the redeemed property now owned by Les File to satisfy its judgment against First National.

The Turners moved for summary judgment. Les File answered that its redemption as assignee of the mortgagor extinguished all other prior judgment liens on the property. The district court disagreed and held that through its assignment, Les File took no better title to the property than that held by its assignor, First National. Thus, the court found that the Turners had a valid judgment lien on the property now owned by Les File.

### ISSUES

■ This case involves the issue of whether the statutory redemption by an assignee of the mortgagor extinguishes prior inferior judgment liens against the mortgagor's property. It is clear in New Mexico that once a mortgagor redeems his foreclosed property, the property once again becomes part of the mortgagor's real estate subject to prior judgment liens on the mortgagor's property. *Construction Eng'g & Mfg. Co. v. Don Adams Mining Co.,* 91 N.M. 238, 240, 572 P.2d 1246, 1248 (1977). There is no precedent in New Mexico, however, on the issue of whether prior judgment liens revive and reattach to the foreclosed property after redemption by an assignee of the mortgagor's right of redemption. Thus, this is a question of first impression in New Mexico, and there is authority on both sides of the issue from other jurisdictions. *See* James T. Payne, Annotation, *Mortgages: Effect on Subordinate Lien of Redemption by Owner or Assignee from Sale under Prior Lien,* 56 A.L.R. 4th 703, 714–27 (1987).

### DISCUSSION

Les File relies very heavily upon *First State Bank of Taos v. Wheatcroft,* 36 N.M. 88, 8 P.2d 1061 (1931). The Court in *Wheatcroft* stated that "when the assignee of the mortgagors redeems he takes the title of the purchaser at the foreclosure sale and [sic] free of *subsequent* judgment liens." *Id.* at 92, 8 P.2d at 1063 (emphasis added). Thus, the Court held that the assignee of a right of redemption took the property free from all liens that attached after the foreclosure sale, but did not address the question of whether liens that attached prior to foreclosure revived and reattached to the redeemed property, which is the issue in this case.

Les File also argues that a prior judgment lien does not attach to the mortgagor's assignable right of redemption, which he characterizes as personal property instead of an

---

1. NMSA 1978, Section 38-1-14 (Repl. Pamp.1987) establishes a procedure for filing a notice of lis pendens and provides that all those claiming an interest in real estate which is the subject of the lis pendens after the notice has been filed are "bound by all the proceedings taken after the recording of the notice to the same extent as if he were made a party to the said action."

interest in real estate. We need not decide, however, whether the right of redemption is personalty or realty. The issue here is more of a philosophical one: Do judgment liens attach to property and stay attached no matter to whom the property is transferred, or do judgment liens attach only to property owned by the debtor?

New Mexico's redemption statute is found at NMSA 1978, Section 39–5–18 (Repl. Pamp.1991), and it offers no clues by way of construction towards resolving this issue. From a perusal of the statute, we are unable to discern any policy grounds for deciding this case one way or the other, and we will not speculate as to the underlying policy grounds.

There is authority in scholarly treatises that would allow an assignee of a mortgagor's right of redemption to redeem the foreclosed property and take it free of all prior judgment liens that had attached to the property. The rationale is that judgment liens are not the assignee's debts, "and he cannot be considered as standing in the mortgagor's shoes merely because he has exercised the statutory right of redemption." 2 Garrard Glenn, *Mortgages* § 234, at 1111 (1943); 3 Richard R. Powell et al., *The Law of Real Property* ¶ 470, at 37–365 to –366 (1993).

As stated earlier, there is caselaw from other jurisdictions supporting the positions of both parties, but it offers little penetrating guidance in analyzing the underlying rationale of the two arguments. Supporting the Turners' argument, the best that can be said is that a "conveyance [of a right of redemption] by the debtor can confer no greater rights than he himself had. It cannot disencumber property, nor give a better or superior title." *Flanders v. Aumack*, 32 Or. 19, 51 P. 447, 449 (1897); *see Hack v. Snow*, 338 Ill. 28, 169 N.E. 819, 820 (1929). This reasoning assumes that a judgment lien is more than a personal obligation; that is, when it attaches to the debtor's property, it never lets go.

In contrast, in support of Les File: "This result [restoration of the prior lien] does not follow redemption by the grantee of the debtor, for the simple reason that in such a case the redeemed property is not then the property of the judgment debtor, and there is

therefore nothing to which the judgment lien can attach." *Cooper v. Maurer*, 122 Iowa 321, 98 N.W. 124, 126 (1904). This reasoning assumes that the judgment lien is a personal obligation following the debtor and not necessarily his property. This is consistent with New Mexico's judgment lien statute, which provides a lien only against the real property of the debtor, and we therefore resolve this case on that basis. *See* NMSA 1978, § 39–1–6 (Repl.Pamp.1991) ("judgment shall be a lien on the real estate of the judgment debtor").

## CONCLUSION

Because judgment liens attach only to the property of the debtor, the mortgagor's assignee takes property redeemed after foreclosure free of all prior junior judgment liens not his own. We thus construe our judgment lien statute as being consistent with the line of authority espousing the rule that "the property of one man cannot be subjected to the payment of the debts of another." *See Cooper*, 98 N.W. at 126.

We share the Turners' concern that this result might lead to fraudulent or collusive assignments, but we are constrained to interpret our statutes as written. The treatises from which we quoted above, however, make two provisos along these lines: "So long as the assignment can be shown to have been bona fide and for a substantial consideration, the avoidance of junior liens is given effect." Powell et al., ¶ 470, at 37–366; Glenn, § 234 at 1111. We also note that any assignment of a right of redemption is subject to the Uniform Fraudulent Transfer Act. *See* NMSA 1978, §§ 56–10–14 to –25 (Cum.Supp. 1993).

The district court's award of summary judgment is reversed. We remand this case to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

RANSOM, C.J., and FRANCHINI, J., concur.