This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TAL REALTY, INC.,**

Petitioner-Appellee,

v.                                                                 **No. 33,440**

**SAN ANGELO PROPERTY SERVICES,**

Respondent-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Marrs Law, Ltd.
Clinton W. Marrs
Albuquerque, NM

for Appellee

Gary W. Boyle
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Appellant San Angelo Property Services (San Angelo) appeals from the district court's order granting summary judgment in favor of TAL Realty, Inc. (TAL Realty) cancelling San Angelo's claim of lien and ordering the return of TAL Realty's

substitute cash collateral. San Angelo argues that its materialmen's lien, based on improvements made to property purchased at a foreclosure sale, is not subordinate to TAL Realty's right to redeem the property. San Angelo also argues that it is entitled to judgment based on unjust enrichment against TAL Realty. We hold that San Angelo is not entitled to reimbursement for improvements it made to the property prior to the expiration of the redemption period and affirm the district court's order.

**BACKGROUND**

{2}     On January 27, 2012, the district court entered a judgment and decree of foreclosure against Richard McDaniel and in favor of CitiMortgage, Inc., pertaining to property in Farmington, New Mexico. The judgment foreclosed McDaniel's rights in the property, except for McDaniel's right, by law and by the mortgage, to redeem the property. The judgement also appointed a special master to sell the property at a foreclosure sale. On March 6, 2012, Alpha Beta Properties, LLC (Alpha Beta) purchased the property at the foreclosure sale and immediately contracted with San Angelo to make improvements to the property. San Angelo delivered materials and worked on the property from March 6, 2012, to March 21, 2012.

{3}     On March 20, the right of redemption was assigned to TAL Realty. The foreclosure sale was confirmed by the district court on April 2, 2012. A stipulated order granting TAL Realty's petition for redemption was entered on May 24, 2012.

The stipulated order was approved by Stephen Harward as Alpha Beta's authorized manager. On June 18, 2012, San Angelo filed a materialmen's lien for its work on the property claiming that it had not been paid for the improvements it made to the property. This lien was verified by Stephen Harward, as Manager of San Angelo property services. TAL Realty filed a petition for cancellation of San Angelo's lien and San Angelo counterclaimed for foreclosure of the claim of lien. The parties filed cross-motions for summary judgment. The district court granted TAL Realty's motion for summary judgment cancelling San Angelo's claim of lien, thereby rendering San Angelo's motion for summary judgment moot.

**DISCUSSION**

{4}     On appeal, San Angelo argues that under NMSA 1978, § 48-2-5(A) (1991) it is entitled to reimbursement for its work on the property, which commenced prior to the petition for the certificate of redemption. San Angelo further argues that it is entitled to restitution for the improvements based on a theory of unjust enrichment. TAL Realty argues that its right of redemption is superior to the claim of lien, that San Angelo had reason to know that the property was subject to the right of redemption when its work on the property commenced, and that allowing San Angelo to recover improvements made to the property before the expiration of the redemption period

would contravene the policy of New Mexico's Redemption Statute, NMSA 1978, § 39-5-18 (2007).

**Standard of Review**

{5} Whether San Angelo is entitled to reimbursement for improvements it made to the property prior to the expiration of the redemption period is a question of law, which we review de novo. *See Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 ("An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo."). "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). The issue of whether San Angelo's materialmen's lien is superior to TAL Realty's right to redemption, or alternatively, whether it is entitled to reimbursement for the improvements is a matter of statutory interpretation. Such an interpretation presents a question of law requiring a de novo review. *State v. Smith*, 2009-NMCA-028, ¶ 8, 145 N.M. 757, 204 P.3d 1267.

**San Angelo Is Not Entitled to Reimbursement for Improvements Under Section 48-2-5**

{6} Section 48-2-5(A) states, in pertinent part, that the materialmen's liens are preferred over "any lien, mortgage or other encumbrance which may have attached subsequent to the time when the . . . improvement . . . was commenced[;] also to any

4

lien, mortgage or other encumbrance of which the lienholder had no notice and which was unrecorded at the time the . . . improvement . . . was commenced." San Angelo claims that Section 48-2-5(A) gives its lien absolute statutory preference over TAL's right of redemption since improvements on the property commenced before the certificate of redemption was filed. We disagree. Our Supreme Court has explained that Section 48-2-5, read together with related sections of the materialmen's lien statute indicates that "timing and actual or constructive notice—not a general public policy favoring materialmen—are the principal considerations in determining [a lien's] priority." *Hasse Contracting Co. v. KBK Fin., Inc.*, 1999-NMSC-023, ¶ 12, 127 N.M. 316, 980 P.2d 641.

{7}     We find that to be true in the present case. Under NMSA 1978, § 48-2-4 (1880) of the materialmen's lien statute, a materialmen's lien will not attach to the property unless the person or entity that is contracting to improve the property has a *fee simple* estate in the property. Where a purported owner that does not have a fee simple estate in the property at issue and has improvements made, the materialmen's lien will only attach to the interest the purported owner *does* have. *See* § 48-2-4 ("[I]f at the commencement of the work, or of the furnishing the materials for the same, the land belonged to the person who caused said building, improvement or structure to be

constructed, altered or repaired, but if such person owned less than a fee simple estate in such land, then only his interest therein is subject to such lien.").

**{8}** In the context of a foreclosure sale, the purchaser does not obtain a fee simple estate in the property upon its purchase. *See First State Bank of Taos v. Wheatcroft*, 1931-NMSC-047, ¶ 10, 36 N.M. 88, 8 P.2d 1061. The purchaser's interest is subject to the right of redemption, and as such, the purchaser's title can be defeated by the redeemer until the expiration of the redemption period. *See Ulivarri v. Lovelace*, 1934-NMSC-087, ¶ 5, 39 N.M. 36, 38 P.2d 1114 (stating that when a decree of foreclosure is entered, "the mortgagor no longer has any title to the property. The sole right remaining to the mortgagor is the right to redeem, a right, which does not arise out of the mortgage or the decree, but a right, which is extended to him by statute, whereby he [or his assigns] may defeat the title of the purchaser" (internal quotation marks and citation omitted)).

**{9}** In the instant case, Alpha Beta purchased the property on March 6, 2012. The same day Alpha Beta contracted with San Angelo and San Angelo began improving the property. Because Alpha Beta did not have a fee simple estate when it contracted with San Angelo or when work on the property commenced, San Angelo's lien only attached to Alpha Beta's interest, which was extinguished once the property was redeemed. *See First State Bank of Taos*, 1931-NMSC-047, ¶ 15 (stating that "when

6

the assignee of the mortgagors redeems he takes the title of the purchaser at the foreclosure sale and [*sic*] free of subsequent judgment liens"). Thus, under the materialmen's lien statute, we conclude San Angelo is not entitled to recover from TAL for improvements to the property that were made while the property was subject to the right of redemption.

**San Angelo Is Not Entitled to Reimbursement Under the Theory of Unjust Enrichment**

{10}     San Angelo also claims that TAL Realty has been unjustly enriched by the uncompensated value, which the improvements added to the property. We are not persuaded. To prevail on a claim of unjust enrichment, "one must show that: (1) another has been knowingly benefitted at one's expense[, and] (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co. v. Sanchez*, 2000-NMCA-051, ¶ 11, 129 N.M. 200, 3 P.3d 695. The theory of unjust enrichment provides relief where, "in the absence of privity, a party cannot claim relief in contract and instead must seek refuge in equity." *Id.* San Angelo verified that it had entered into an oral contract with Alpha Beta to furnish the labor, service, equipment, or materials to Alpha Beta as the owner or reputed owner of the real property. Arguably, San Angelo has the avenue of seeking relief in contract against Alpha Beta.

{11}     As we discussed earlier, Section 48-2-4 precludes San Angelo from attaching its lien to the property where the purported owner requesting the improvements did not have a fee simple estate in the property. San Angelo cannot rely on this equitable doctrine to recover the costs of improvements on the equitable theory of unjust enrichment where the result would contravene the materialmen's lien statute. *See Coppler & Mannick, P.C. v. Wakeland*, 2005-NMSC-022, ¶ 8, 138 N.M. 108, 117 P.3d 914 ("It is a basic maxim that equity is ancillary, not antagonistic, to the law. Equitable relief is not available when the grant thereof would violate the express provision of a statute." (internal quotation marks and citation omitted)).

{12}     In its motion for summary judgment and on appeal, TAL Realty relies on *Chase Manhattan Bank v. Candelaria*, 2004-NMSC-017, 135 N.M. 527, 90 P.3d 985, for the proposition that requiring a redeemer to pay for the improvements made by the purchaser is contrary to the redemption statute and the policy underlying the redemption statute, where the improver had reason to know that the property was subject to the right of redemption when improvements had commenced. San Angelo argues that *Chase* is inapplicable because improvements here were made by a third party, not a purchaser. We note that our result in this case is consistent with our Supreme Court's interpretation of the redemption statue as articulated in *Chase*. *See id.* ¶¶ 8-9 (stating that based on the plain language of the redemption statute "the only

funds that a purchaser may recover under the redemption statute are those funds that the purchaser paid to acquire the property" and further reasoning that requiring the redeemer to pay for improvements made by the purchaser would contravene the public policy and defeat the purpose underlying the redemption statute giving the property owner, or his assigns, a reasonable opportunity to redeem the property, noting in particular that "[p]urchasers could make it more burdensome for redeemers to redeem their property by investing significant amounts of money into improvements, almost ensuring that the redeemer would be unable to redeem their property," essentially inhibiting, if not extinguishing a redeemer's right to redemption). Because San Angelo's unjust enrichment claim directly circumvents Section 48-2-4, we need not further apply *Chase* to these facts.

**CONCLUSION**

{13}     For the foregoing reasons, we affirm the district court's order granting summary judgment in favor of TAL Realty, Inc.

{14}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

9

_____

**RODERICK T. KENNEDY, Judge**

_____

**J. MILES HANISEE, Judge**