### WILSON .*v.* BOYER.

1. APPEAL AND ERROR—LAND CONTRACT MORATORIUM ACT—CONSTITUTIONAL LAW.

    Constitutionality of land contract moratorium act will not be considered on appeal where the matter was not passed upon by the trial court nor discussed in appellant's brief (Act No. 122, Pub. Acts 1933).

2. CONTRACTS—DIVISIBILITY—SALE OF REALTY AND PERSONALTY.

    Contract for sale of land and personal property, consisting of machinery and equipment and good will, *held,* indivisible, where no estimate was made therein of the value of the respective kinds of property.

3. VENDOR AND PURCHASERS—FORECLOSURE—LAND CONTRACT MORATORIUM ACT—INDIVISIBLE CONTRACT.

    Relief under land contract moratorium act may not be granted vendee in proceeding to foreclose indivisible contract for sale of real estate and personal property (Act No. 122, § 25a, Pub. Acts 1933).

Appeal from Macomb; Reid (Neil E.), J.  Submitted June 13, 1934.  (Docket No. 128, Calendar No. 37,919.)  Decided October 23, 1934.

Bill by Charles B. Wilson, conservator of First National Bank of Pontiac, Charles W. Walton and Sarah Walton against Charles I. Boyer to foreclose a contract for the sale of land and personal property. Cross-bill by defendant against plaintiffs for relief under Act No. 122, Pub. Acts 1933. Decree under cross-bill fixing amount of rent. Plaintiffs appeal. Reversed and remanded for further proceedings.

*David M. Miro,* for plaintiffs.

*William F. Sawn,* for defendant.

NELSON SHARPE, C. J. The bill of complaint was filed to foreclose a contract entered into October 15, 1928, between the plaintiffs Charles W. Walton and Sarah Walton, his wife, as vendors and the defendant, Charles I. Boyer, as vendee for the sale of certain land in the city of Mt. Clemens, "together with the buildings thereon, the machinery and equipment therein, and the good will of the business carried on at said premises, and being commonly known as The Service Laundry & Cleaners, Charles W. Walton, Proprietor." The purchase price was fixed at $38,100, of which $10,500 was then paid, the balance to be paid in monthly payments of $100 and interest as therein provided. There being default, plaintiffs elected to declare the entire amount unpaid, $22,400, due and payable.

It is alleged in the bill that the vendors pledged the sum due under the contract to the First National Bank at Pontiac, and that the plaintiff Wilson, as conservator thereof, joins in the bill of complaint as a nominal plaintiff.

Defendant, in a cross-bill, prayed for relief under Act No. 122, Pub. Acts 1933, known as the land con-

tract moratorium act. The plaintiffs filed answer thereto, alleging that said act was unconstitutional and that defendant was not entitled to relief thereunder. The constitutionality of the act was not passed upon by the trial court. It is not discussed in the brief of counsel for the plaintiffs, and will not be here considered.

After proof was submitted on the cross-bill, the trial court found "that the fair cash rental value of building, real estate and machinery, is the sum of $60 per month," beginning July 18, 1933, and appointed the clerk of the court receiver to collect the same and apply the sums received by him in the payment of taxes and insurance and the preservation of the property, and retain any balance subject to the order of the court. From the decree entered so providing the plaintiffs have appealed.

The record discloses that at the time the contract was entered into an inventory of the "personal property, machinery and equipment in the Service Laundry" was taken, and that a bill of sale thereof was executed by Walton and his wife to the defendant and placed in escrow with the First National Bank of Mt. Clemens. It was produced by an official of the bank at the trial. "One dollar and other good consideration" was stated therein as the consideration therefor. It provided for delivery "when property herein described is paid for."

The serious question presented is whether Act No. 122, Pub. Acts 1933, is applicable to such a contract. Section 25a of this act provides for the relief sought by the defendant in all actions for the foreclosure of contracts for the purchase of real estate. The contract here sought to be foreclosed provides for the sale of certain real estate and also certain personal property. That the machinery and equip-

ment were not considered as real estate is clearly evidenced by the execution and placing in escrow of the bill of sale thereof. The value fixed in the contract for which the sale was made was not of the land alone, but included the machinery and equipment. In it the purchaser agreed "to purchase said land and business and good will thereof, and pay the purchase money and interest thereon as above provided," and to keep the building and contents insured. It further provided that, if there be default and proceedings be taken to foreclose the contract in equity, "the entire amount owing hereon shall be due and payable forthwith," and that, on full performance by the purchaser, a warranty deed of the real estate and a bill of sale of the machinery and equipment shall be delivered to him.

The contract is indivisible. No estimate was made therein of the value of the real estate or the personal property described therein. The good will of the business was also sold. It will thus be seen that, if foreclosure be had by a bill in chancery, the sale must include all of the property described in the contract. It would be manifestly unfair to the defendant to offer for sale the real estate separately, as its value would be largely dependent upon the fact that it and the machinery and equipment constituted an established business. It seems clear that relief under the statute may not be given in the foreclosure of such a contract.

The order appealed from is reversed and set aside, with costs, and the cause remanded for further proceedings.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.