SAWN v. WILLIAMS.

1. MANDAMUS—VENDOR AND PURCHASER—MORATORIUM—DEFICIENCY
—REMITTITUR.

Mandamus to compel clerk of court to pay money held by him to
purchaser's assignee *held*, properly denied where purchaser
had paid same into court during moratorium, subsequently
held improper, and upon order of payment to vendor in
chancery foreclosure proceedings he filed remittitur in same
amount to apply on deficiency (Act No. 122, Pub. Acts 1933).

2. VENDOR AND PURCHASER—MORATORIUM—RECEIVERS—STATUTES.

Designation of clerk of court as "receiver" of moneys paid by
purchaser during moratorium *held*, not to render law of re-
ceivership applicable to control or affect statutory rights or
remedies (Act No. 122, Pub. Acts 1933).

3. CONSTITUTIONAL LAW—MORATORIUM ACTS—IMPAIRMENT OF OBLI-
GATION OF CONTRACT.

The basis of validity of moratorium statutes, as against objec-
tion that they impair the obligation of contracts, is that they
provide reasonable compensation to the creditor for withhold-
ing possession of his property from him and for delay of his
remedy and they must be construed and applied accordingly
because the courts have a duty to administer them to a con-
stitutional result (U. S. Const. art. 1, § 10; Mich. Const. 1908,
art. 2, § 9; Acts Nos. 98, 122, Pub. Acts 1933).

4. VENDOR AND PURCHASER—MORATORIUM ACTS—APPLICATION OF
PAYMENTS.

Money paid into court by debtor under either mortgage or land
contract moratorium acts is first devoted to payment of taxes,
insurance and such upkeep as will be just and equitable and
balance, in absence of special circumstances, must be applied
in reduction of debt (Acts Nos. 98, 122, Pub. Acts 1933).

5. SAME—MORATORIUM—FAIR RENTAL VALUE.

Relief under land contract moratorium act is granted debtor as a
matter of grace, not of right, is initially applied for, and con-
tinued by, him, and, if he is in possession, his payment of fair
rental value is for actual benefit he asks for and receives,
hence upon termination of moratorium for want of power in

court to grant it, debtor has no claim for return of price paid for benefit received unless his debt has been paid in full otherwise (Act No. 122, Pub. Acts 1933).

6. SAME—FUND WRONGFULLY ACCUMULATED UNDER MORATORIUM.
   Disposition of fund, accumulated under land contract moratorium from payments to clerk of court by purchaser, by order of payment to vendor should have been to apply it in reduction of deficiency rather than as damages for wrongful receivership; however, such order is *held,* not reversible in view of vendor's remittitur, in like amount, reducing deficiency (Act No. 122, Pub. Acts 1933).

Appeal from Macomb; Reid (Neil E.), J. Submitted October 1, 1935. (Calendar No. 38,512.) Decided November 12, 1935.

Petition for mandamus by William F. Sawn to compel Walter A. Williams, Macomb county clerk, to pay over certain fund deposited with him as receiver pursuant to order entered under land contract moratorium. Petition denied. Plaintiff appeals. Affirmed.

*Raymond W. LaBar,* for plaintiff.

*Roy M. McKinstry,* Prosecuting Attorney, *Don D. Williams,* Assistant Prosecuting Attorney (*David M. Miro,* of counsel), for defendant.

FEAD, J. September 25, 1933, in suit of *Wilson* v. *Boyer,* for foreclosure of a contract for sale of both real and personal property, Boyer petitioned for, and the court granted, relief under the moratorium statute, Act No. 122, Pub. Acts 1933. The order permitted Boyer to occupy and use the property, required him to pay the adjudicated fair rental value of $60 per month to the clerk of the court, who was appointed "receiver" to collect the rents, apply them to the payment of taxes, insurance, care

and preservation of the property, and to "retain the balance, if any, subject to the order of this court, to be applied as may hereafter be determined by this court in the matter." The record does not show the actual amount paid in by Boyer and how it was disposed of, but the balance in the hands of the clerk and here involved is $736.04.

On appeal, this court held the statute does not apply to contracts of sale of personalty, reversed the order and remanded the case for further proceedings. *Wilson* v. *Boyer,* 269 Mich. 197.

On hearing, decree of foreclosure was entered January 21, 1935, for the full contract balance, with interest, and the decree provided:

"That the interlocutory decree entered in this court and cause on the 25th day of September, 1933, is of no force and effect and is set aside and held for naught."

At the time of settlement of the decree the plaintiff therein demanded the money then on hand. No order thereon was made in the decree or otherwise but the court orally stated that the question was reserved.

March 21st, Boyer assigned his claim upon the fund to plaintiff herein. Due notice was given the clerk and demand made and refused.

In April, foreclosure sale was had and deficiency of $6,000 reported.

March 26th, plaintiff herein had filed petition for mandamus to require the clerk to pay him the money on hand. After the sale Wilson moved in the chancery suit for an order of payment to him. The court considered the two applications together, denied a writ of mandamus to this plaintiff and entered an order directing the clerk to pay Wilson the fund "in lieu of damages for wrongful receivership,"

the order reciting, however, that Wilson had filed a remittitur satisfactory to the court in the same amount to apply upon reduction of the deficiency. This is review of the denial of the writ of mandamus.

Counsel discuss the case as one of receivership. So treated, we think the denial of writ of mandamus may be sustained. But we do not rest decision on that ground.

The moratorium statutes provide new and special remedies for specific situations. If necessary, new practice must be used to work out the statutory purposes. There is no occasion to search for resembling situations and adopt their rules on the ground of nomenclature. Thus, the statutes provide for payment of rents, income and profits of the property to the clerk of the court or other person designated by the court. Designating such clerk or person as "receiver" in the order does not render the law of receivership applicable to control or affect the statutory rights or remedies.

The basis upon which the moratorium statutes are held valid, as against the objection that they impair the obligation of contracts,* is that they provide reasonable compensation to the creditor for withholding possession of property from him and for the delay of his remedy. *Home Building & Loan Ass'n* v. *Blaisdell,* 290 U. S. 398 (54 Sup. Ct. 231, 88 A. L. R. 1481); *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644. They must be construed and applied accordingly because the courts have the duty to administer them to a constitutional result.

Both the mortgage statute, Act No. 98, Pub. Acts 1933, and the land contract law, Act No. 122, Pub.

---

* See U. S. Const. art. 1, § 10; Mich. Const. 1908, art. 2, § 9.— Reporter.

Acts 1933, require the person put in possession of the property by the court to "pay" the reasonable rental value thereof. Under order of court the money so paid is devoted to the payment of taxes and insurance and upkeep of the property "as will be just and equitable" and the balance is distributed "as the court may further direct." When the debtor remains in possession of the property and "pays" the rental value, he provides the constitutional compensation to the creditor for the delay and the money must be devoted by the court to the preservation of the property and reduction of the debt. In the absence of special circumstances and after providing for upkeep of the property, the order should provide for the payment of the balance of the collected rents to the creditor immediately for application on the debt, not for accumulation of a fund. If that had been done at bar, the fund would have been exhausted. But as the fund was accumulated, it must be disposed of upon the basis of compensation to the creditor. Because Wilson, on the foreclosure sale, did not make his full debt from the property, the whole of the fund was properly awarded to him, not by way of damages for wrongful receivership but as constitutional compensation.

The fact that the moratorium order was reversed and vacated for want of power in the court to make it rather than for want of equity in it does not change the situation. The remedy is granted the debtor as a matter of grace, not of right. Initial application for the remedy and the continued use of it after it is granted are voluntary with the debtor. During continuance of the order, if the debtor is in possession, he merely pays for the actual benefit which he has asked for and currently receives. The benefit cannot be cancelled nor the creditor placed in *status*

*quo ante.* The debtor has no claim for return of the price he pays for such favor unless the debt has been paid in full otherwise.

The foreclosure decree did not dispose of the fund. It remained in *custodia legis* until a formal order disposing of it was made by the court. The order should have awarded the fund to Wilson to apply on the deficiency instead of in lieu of damages. However, in view of the remittitur by Wilson and its recital in the order, the proper practical result has been attained.

Order denying writ of mandamus is affirmed, with costs.

POTTER, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.