SOPER *v.* RIDGEMOOR COUNTRY CLUB.

1. MORTGAGES—MORATORIUM RELIEF—RENTAL VALUE.
   The rental value fixed by the trial court in granting moratorium relief under land contract and mortgage moratorium acts should be reasonable (Act Nos. 98, 122, Pub. Acts 1933, as amended).

2. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.
   The Constitutions of the United States and of the State prohibit enactment of laws impairing the obligation of contracts (U. S. Const. art. 1, § 10; Mich. Const. 1908, art. 2, § 9).

3. SAME—TAKING OF PROPERTY FOR PRIVATE PURPOSES.
   Private property may not be taken for public use without just compensation and not at all for private purposes (Const. 1908, art. 13, § 1).

4. MORTGAGES—MORATORIUM ACTS—CONSTITUTIONAL LAW.
   Moratorium acts are not sustainable if they result not only in impairing obligation of contracts in violation of constitutional prohibition but in confiscation of property involved (U. S. Const., art. 1, § 10; Mich. Const. 1908, art. 2, § 9; Acts Nos. 98, 122, Pub. Acts 1933, as amended).

5. SAME—MORATORIUM ACTS—COMPENSATION FOR DELAY.
   Moratorium acts are sustainable only upon theory that adequate compensation to be fixed by the court is provided to be paid person against whom delay is sought in enforcement of his contractual rights (Acts Nos. 98, 122, Pub. Acts 1933, as amended).

6. SAME—MORATORIUM RELIEF—IMPAIRMENT OF CONTRACTS—CONFISCATION OF PROPERTY.
   Award of $41.66 monthly rent as condition of granting moratorium on farm land sold to a country club *held,* to impair contract of plaintiff vendors and to confiscate their property where balance due them was nearly $45,000, taxes were about $200 a year and interest about $2,700 a year, leaving a deficit for period of moratorium of over $7,000.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 22, 1935. (Docket No. 107, Calendar No. 38,627.) Decided January 6, 1936. Rehearing denied April 7, 1936.

Bill by Guy A. Soper and wife against Ridgemoor Country Club, a Michigan corporation, and Leo Malewitz, Joseph Malewitz and John Kelly, doing business as Ridgemoor Country Club, to foreclose a land contract and for other relief. Cross-bill by defendants Malewitz, individually and as assignees of defendants Kelly, against plaintiffs and defendant corporation for relief under the land contract moratorium act. Cross-bill by defendant corporation against plaintiffs and defendants Malewitz for moratorium relief. Counter cross-bill by defendant corporation to cross-bill of defendants Malewitz for an accounting. Decree of foreclosure for plaintiffs with moratorium allowed. Amended cross-bill by defendants corporation, Malewitz and Kelly against plaintiffs to lengthen moratorium. From amended decree, plaintiffs appeal. Reversed.

*Cornelius Hoffius* (*R. Van Kovering,* of counsel), for plaintiffs.

*Gillard & Gillard,* for defendants.

POTTER, J. Plaintiffs owned a farm in Kent county which they sold on land contract to Ridgemoor Country Club, a corporation, for $10,000 down and $40,000 to be paid in accordance with the contract, but which was not paid. Plaintiffs seek to foreclose the land contract.

Defendants Malewitz and Kelly are subsequent purchasers of the equity of the Ridgemoor Country Club, a corporation, and are doing business under the name which the corporation used in the transac-

tion of its business. They filed an answer and a cross-bill asking the benefit of the moratorium act then in force (Act No. 122, Pub. Acts 1933). The Ridgemoor Country Club, a corporation, filed a cross-bill asking the benefit of Act No. 98, Pub. Acts 1933, and an answer to the cross-bill of defendants Malewitz, and a counter cross-bill to the cross-bill of the defendants Malewitz, showing that it had sold its property to defendants Malewitz upon land contract and that there was $116,000 due it on such land contract which it sought to foreclose. Plaintiffs filed an answer to the cross-bill of defendants Malewitz and to the cross-bill of the Ridgemoor Country Club, a corporation.

A decree was entered June 19, 1934, finding the amount due plaintiffs $44,957.22. The sale was stayed under the moratorium act until March 2, 1935, or until the further order of the court, upon condition defendants Malewitz pay $41.66 each month into the court. After the enactment of the amended moratorium act in 1935,* an amended cross-bill was filed by defendants Malewitz praying for an amendment of the final decree entered herein, in accordance with the moratorium act of 1935; and an amended decree was entered permitting defendants Malewitz to retain possession of the property, upon condition that they continue to pay $41.66 a month, until March 1, 1937. Plaintiffs appeal.

The moratorium originally granted by the trial court and the amendment thereof really permits the defendants Malewitz to retain possession of the property involved from June 19, 1934, the date of the original decree, to March 1, 1937, the expiration of the amended moratorium act, at a rental value of $499.92 a year, payable $41.66 a month.

---

* See Acts Nos. 3, 4, Pub. Acts 1935.—Reporter.

On the date of the decree, June 19, 1934, the trial court found there was $44,957.22 due upon the contract which bore interest at the rate of six per cent. The interest on this amount would be $2,697.43 a year, or $2,197.43 more than the payments directed to be made. If $500 a year is paid, the indebtedness of defendants to plaintiffs would increase in the three years for which a moratorium was granted $6,592.29 over and above the taxes computed on a basis of $203 a year, and the record indicates when the case was tried there was approximately $1,000 due in unpaid taxes. The trial court characterized the proposition as a losing venture. It appears to be a milking venture by which defendants seek to hold possession and get what they can out of the property while plaintiffs' indebtedness pyramids each year, and, after giving defendants credit for all they are required to pay under the moratorium order, the indebtedness to plaintiffs at the expiration of the moratorium period will be more than $51,000.

The Constitution of the United States prohibits the enactment by the States of laws impairing the obligation of contracts (art. 1, § 10), and a similar prohibition is found in the Constitution of this State (Const. of 1908, art. 2, § 9). Private property may not be taken for public use without just compensation (Const. of 1908, art. 13, § 1), and cannot be taken for private purposes at all. Moratorium laws are not sustainable if they result, not only in impairing the obligation of contracts in violation of the constitutional prohibition, but in confiscation of the property involved. They are sustainable, if at all, only upon the theory that adequate compensation to be fixed by the court is provided to be paid to the person against whom delay in the enforcement of his contractual rights is sought.

The amount awarded in this case is unreasonably small. The moratorium granted by the trial court amounts, not only to an impairment of the obligation of the contract entered into by the plaintiffs, but to a confiscation of plaintiffs' property.

The decree so far as it grants a moratorium in this case is reversed, and plaintiffs may proceed to enforce their decree for foreclosure, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.