WILSON *v.* BOYER.

1. VENDOR AND PURCHASER—FORECLOSURE—CONFIRMATION OF SALE—DEFICIENCY.

   Contention that decree of foreclosure in providing that circuit court commissioner should sell premises "for said full sum of money" did not authorize sale for less amount *held,* without merit where decree also provided for deficiency, if any.

2. SAME—FORECLOSURE—DECREE—REPORT OF SALE—CONFIRMATION.

   Decree as to which defendant should be held liable for deficiency controls hence defendant not named in decree as liable therefor was not properly included in order confirming report of sale as liable for deficiency arising thereat.

3. TRADE-MARKS AND TRADE-NAMES—RECORDING.

Inclusion of assumed name under which laundry business was conducted in contract for sale of realty, personalty and good will of such business could not convey such name where it had not been recorded in accordance with statute subjecting user to penalty in case of use without recording, hence inclusion of such name in decree of foreclosure was error, where purchaser had had it recorded himself (2 Comp. Laws 1929, § 9825).

4. SAME—VALUE.

An assumed name, carried by an established business, is of value, if legitimate.

5. SAME—RECORDING BY PURCHASER.

Recording of assumed name under which a business has been conducted by the purchaser thereof does not carry back to the sale, nor where vendor takes security back, is the name brought within such security (2 Comp. Laws 1929, § 9825).

6. SAME—CONTRACTS—STATUTES.

Contracts saved in assumed name statute are not contracts for sale of an assumed name but only business contracts entered into under an assumed name (2 Comp. Laws 1929, § 9829).

7. VENDOR AND PURCHASER — FORECLOSURE — ASSUMED NAME—INJUNCTION.

Decree of foreclosure of contract for sale of laundry business enjoining use of assumed name by purchaser after confirmation and sale *held*, error, where name had not been recorded at time business was sold and purchaser had had it recorded himself (2 Comp. Laws 1929, § 9825).

8. SAME — FORECLOSURE — UNAUTHORIZED BETTERMENT REPLACEMENTS.

Unauthorized betterment replacements of stoker and water softener by contract purchaser, intended at time of installation as permanent replacements *held*, part of security foreclosed under contract providing for substitutions and replacements only on seller's written consent.

9. SAME—FUND COLLECTED UNDER MORATORIUM.

In land contract moratorium where fund paid by purchaser accumulated and remained *in custodia legis* until order was vacated on appeal, order on remand, awarding fund as dam-

ages is *held,* not reversible where vendor remitted like amount, reducing deficiency (Act No. 122, Pub. Acts 1933).

10. CONTRACTS—OFFER—REJECTION.

Tender of executed bill of sale of personalty and quit-claim deed of realty to vendor's attorney after foreclosure and before sale of laundry premises and business *held,* of no effect where deed was returned and offer expressly rejected, notwithstanding inadvertent failure to return bill of sale.

Appeal from Macomb; Reid (Neil E.), J. Submitted April 10, 1936. (Docket No. 69, Calendar No. 38,465.) Decided June 4, 1936.

Bill by Charles B. Wilson, conservator of First National Bank at Pontiac, Charles W. Walton and Sarah Walton against Charles I. Boyer to foreclose a contract for the sale of land and personal property. Cross-bill by defendant against plaintiffs for moratorium and other relief. Charles Donald Boyer intervened as party defendant and filed a cross-bill against plaintiffs. From decree of sale and confirmation of sale, defendants appeal. Modified and affirmed.

*David M. Miro,* for plaintiffs.

*William F. Sawn* (*Raymond W. La Bar* and *William S. McDowell,* of counsel), for defendants.

WIEST, J. The bill herein was filed to foreclose a land contract, executed by Charles W. Walton and Sarah Walton as vendors to Charles I. Boyer as vendee. The interest of Charles B. Wilson, conservator of First National Bank at Pontiac, is that of a secured creditor of the Waltons. The contract covered laundry premises, equipment and good will, commonly known as the "Service Laundry & Cleaners," at Mt. Clemens. An inventory of the personal

property, machinery and equipment was taken and a bill of sale thereof, executed by the land contract vendors, was placed in escrow for delivery when the contract was fulfilled.

In *Wilson* v. *Boyer,* 269 Mich. 197, we held the contract in all of its parts indivisible and, upon foreclosure in equity, that any sale must include all of the property described in the contract and remanded the case for further proceedings, which have been had and defendants now appeal from the decree of foreclosure and confirmation of the sale made thereunder.

The foreclosure decree adjudged the amount due from the vendee Charles I. Boyer, fixed time for payment and, upon default, ordered sale "for the full sum of money," and in case of deficiency and upon confirmation of the sale that plaintiffs have leave "to apply for execution for such deficiency against the defendant, Charles I. Boyer, only, who is hereby decreed to be personally liable for the debts secured by said contract."

Upon the sale plaintiffs Walton were the purchasers for less than the amount due and the commissioner reported the deficiency and stated:

"And I do further certify and report that the defendants, Charles I. Boyer and Charles Donald Boyer, are liable and responsible for the sum of $6,329.58, being the amount of such deficiency as aforesaid."

Defendants filed objections to confirmation of the report, one of which was:

"Because the decree * * * provided that the circuit court commissioner when making said sale should sell the same 'for said full sum of money' ($25,920.23) and not for any less sum or amount."

The point has no merit. The decree provided for report of the deficiency, if any, and liability of defendant Charles I. Boyer for the same.

The commissioner reported the deficiency and found that defendants Charles I. Boyer and Charles Donald Boyer were liable and responsible for the amount thereof and the court confirmed the report. As to Charles Donald Boyer, this was directly contrary to the decree before mentioned. The decree controls and Charles Donald Boyer is not personally liable for any part of the deficiency and that part of the order of confirmation is vacated.

Counsel for plaintiffs confesses this error in the brief, for, after pointing to the fact that Charles Donald Boyer did not claim an appeal from the order of confirmation, he states:

"However, for the purpose of clarification, the appellees Walton expressly waive any claim against the defendant Charles Donald Boyer for any deficiency as reported."

At the time of execution of the land contract and bill of sale to defendant the laundry had been operated under the assumed trade-name of "Service Laundry & Cleaners," and such assumed name was constituted a part of the sale contract.

The assumed name had not been recorded, as required by statute, 2 Comp. Laws 1929, § 9825, and use thereof was subject to penalty. Defendant Charles I. Boyer soon discovered the want of record and sought to have the name recorded and found that a like name had been recorded by a third person doing business at another nearby place. Thereupon he procured withdrawal of the name by that person and then recorded the assumed trade-name as his own.

In the decree of sale the court included sale of the trade-name so recorded by defendant Charles I. Boyer. This was an error for the vendors could not pass to defendant Charles I. Boyer an assumed name subject to penalty in case of use without recording.

At the time of the sale the assumed name was wholly without recognition in the eye of the law and the vendors could neither rightfully use nor sell it. Such an assumed name, carried by an established business, is of value, if legitimate. Without compliance with the recording act the vendors had no right to use the assumed name and could not sell to defendants a right they did not possess. Defendant Charles I. Boyer's recording of the assumed name did not carry back to the sale, nor bring it within the security foreclosed.

Counsel for plaintiffs calls attention to the following provision in the assumed name recording statute:

"Provided, however, The fact that a penalty is provided herein for non-compliance with the provisions of this act shall not be construed to avoid contracts." 2 Comp. Laws 1929, § 9829.

The contracts there saved have no relation to a contract for sale of an assumed name, but only business contracts entered into under an assumed name.

The decree of foreclosure enjoined defendant, after sale and confirmation, from using the assumed name and accorded the use thereof to the purchasers, who were the contract vendors. The court was in error in this respect and the restraint imposed is vacated.

The land contract covered described premises, together with the building thereon and the machinery

and equipment therein, also the good will of the business carried on at said premises, and known as the "Service Laundry & Cleaners, Charles W. Walton, Proprietor," and also provided:

"That all substitutions and replacements of machinery in buildings shall be made only with the written consent of the seller; it being the intention of this clause to merely protect the seller in his security for the balance due under this contract."

This did not prohibit unauthorized betterment replacements, but if such were made it constituted them a part of the security.

The contract covered a down-draft, smokeless type, tubular steam boiler. Defendant, Charles I. Boyer, changed parts thereof and installed an underfed stoker, and the court included the stoker in the order of sale. Defendant claims that the parts removed to install and use the stoker are on the premises and he should be permitted to restore the former condition and remove the stoker. Defendant also removed water softener tanks and installed a 10,000-gallon softener tank of a different design, which was in use at the time of the foreclosure. Defendant contends that he has a right to take out the new softener and re-install the old softener, which is still on the premises.

Plaintiffs claim that the installed stoker and softener became a part of the equipment and security for the unpaid balance of the purchase price.

At the time of installation of such betterments defendant Charles I. Boyer was a purchaser under land contract and not a tenant. He made the replacements as betterments of permanent fixtures and his intention then, and not after default, fixes rights of the parties. The court was right in so entering decree.

Defendant Charles I. Boyer, by answer in the nature of a cross-bill, asked for moratorium relief * which was granted in the circuit, upon terms, and reversed by this court in *Wilson* v. *Boyer, supra.* Under the moratorium order defendant paid certain moneys to the clerk of the court and, upon reversal of the order, his attorney, under assignment thereof, sought to recapture the same from the clerk by writ of mandamus. This failed, *Sawn* v. *Williams,* 273 Mich. 402.

In that case we said:

"The foreclosure decree did not dispose of the fund. It remained *in custodia legis* until a formal order disposing of it was made by the court. The order should have awarded the fund to Wilson to apply on the deficiency instead of in lieu of damages. However, in view of the remittitur by Wilson and its recital in the order, the proper practical result has been attained."

In February, 1935, defendants executed a bill of sale of the personal property and a quit-claim deed and mailed the same to plaintiffs' attorney. The offer was rejected and the deed returned but, through oversight, the bill of sale was not returned. There was no acceptance but express rejection. This was after the decree of foreclosure and prior to sale. The tender was of no effect.

The decree and order of confirmation of sale held thereunder are modified in accordance with this opinion and, so modified, affirmed, with costs against defendants.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.

---

* See Act No. 122, Pub. Acts 1933.—REPORTER