HILLIARD *v.* SCHRAM.

1. Mortgages—Moratorium Act—Power Conferred on Courts—Redemption in Foreclosure by Advertisement.

While the mortgage moratorium statute gives a trial court power, under certain equitable conditions, to extend the time within which the right of redemption may be exercised, it does not confer upon courts power to alter the statutory conditions upon which redemption may be made nor confer a new general equitable jurisdiction to control foreclosure proceedings, hence the court granting a moratorium order is without power to increase the amount necessary to redeem under sale had in proceedings to foreclose mortgage by advertisement (3 Comp. Laws 1929, § 14435; Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Acts Nos. 3, 158, Pub. Acts 1935).

2. Evidence—Judicial Notice—Fluctuation of Real Estate Values—Redemption from Foreclosure Sale.

Judicial notice is taken of the fact that real estate values may fluctuate drastically, upward or downward, during a one-year statutory redemption period, so that at the end thereof the market value of the premises may either be greatly in excess of, or substantially less than the amount of the bid price at sale under foreclosure by advertisement (3 Comp. Laws 1929, § 14435).

3. Mortgages—Extension of Right of Redemption—Deficiency—Impairment of Contracts.

Right of redemption during year allowed by statute setting forth procedure for foreclosure of mortgages by advertisement, which is given regardless of any increase in value of the property during such year and which is extended under the mortgage moratorium act, is not, by virtue of such extension, an impaired contractual right of the mortgagee as latter may obtain the same benefit from his security and the same deficiency judgment, since the amount necessary to redeem is not

reduced by the act, nor the amount of the deficiency affected (3 Comp. Laws 1929, § 14435; Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Acts Nos. 3, 158, Pub. Acts 1935).

4. CONSTITUTIONAL LAW—DUE PROCESS—MORTGAGE MORATORIUM ACT —EXTENSION OF REDEMPTION.

Conjectural assumptions that, had no moratorium been granted in foreclosure proceedings by advertisement, mortgagor would not have redeemed during original year of redemption and that the mortgagee would not have disposed of the property prior to rise in its value after expiration of the statutory one-year redemption period *held*, possibilities, the destruction of which by the mortgage moratorium act does not deprive mortgagee of any constitutional 'rights (3 Comp. Laws 1929, § 14435; Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Acts Nos. 3, 158, Pub. Acts 1935).

5. MORTGAGES—MORATORIUM RELIEF — DEFICIENCY — REDEMPTION — EQUITY.

That mortgagor may redeem from sale under foreclosure by advertisement during period of redemption as extended by the moratorium act by paying merely amount of bid mortgagee . made at time of purchase at such sale without payment of deficiency, even if sale of premises is made by mortgagor for cash at a price in excess of bid and deficiency, would induce mortgagor to wait until after foreclosure sale before applying for moratorium relief is a matter for consideration at time of application for moratorium relief and has no bearing upon constitutional question as to deprivation of mortgagee's property rights as determined after sale has been consummated (3 Comp. Laws 1929, § 14435; Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Acts Nos. 3, 158, Pub. Acts 1935).

6. DISMISSAL AND NONSUIT—DELAY.

Motion to dismiss bill of complaint for moratorium relief because of an alleged defect not apparent upon face of bill, filed over a year and a half after plaintiff's bill of complaint was filed and without explanation for delay, *held*, too late where plaintiff had fully performed conditions of the moratorium order and mortgagee's receiver had accepted the benefits of the performance without objection in such respect.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 15, 1938. (Docket No. 6, Calendar No. 40,037.) Decided October 3, 1938.

Bill by Elizabeth Hilliard against B. C. Schram, receiver of First National Bank-Detroit, for mortgage moratorium. On petition of plaintiff and Elizabeth Hilliard and Martin L. Pulcher, co-executors of estate of Frederick C. Hilliard, deceased, for determination of amount necessary to redeem. Decree for petitioners. Defendant appeals. Affirmed.

*John E. Martz,* for petitioners.

*Robert S. Marx, Lawrence I. Levi* and *Thomas L. Conlan,* for defendant.

BUSHNELL, J. Plaintiff and her deceased husband gave a note to First National Bank-Detroit in the sum of $22,500, which was secured by a mortgage upon the husband's property in Oakland county. At the time of foreclosure of the mortgage the principal indebtedness thereon amounted to $19,000, and the property was bid in by the mortgagee's receiver on November 5, 1934, for $20,000, which the mortgagee says was the fair market value of the property at the time. Because of unpaid interest, taxes and expenses, the approximate amount of the deficiency was $3,000. Within the statutory period of redemption, plaintiff herein obtained a moratorium order extending the right to redeem to March 1, 1937, upon condition that she pay the mortgagee's receiver the sum of $110 per month for the use of the premises. While the moratorium order was pending, and approximately 15 months after the statutory period of redemption would have

expired, a cash purchaser was found who was willing to pay $28,000 for the premises. A dispute then arose between defendant receiver and plaintiff as to the amount required to redeem from the foreclosure sale. A petition was then filed by the plaintiff, individually and by herself and Martin L. Pulcher, as co-executors of the estate of Frederick C. Hilliard, deceased, in order to determine the amount required to redeem the premises from the foreclosure sale. In order that the sale might be consummated, it was stipulated between the parties that about $20,000 was to be paid to defendant and $3,000, representing the approximate amount of the deficiency, was to be deposited with the clerk of the court, pending determination of the cause. The record is silent as to the disposition of the remainder of the sale price.

The trial court was of the opinion that defendant receiver was entitled only to the amount of his bid. Appellant takes the position that a mortgage debtor who has not discharged his obligation in full should not be permitted to realize a profit at the expense of the mortgage creditor by a resale of the mortgaged lands during the extended period of redemption and should be required to pay the balance on the mortgage in addition to the amount of the bid price in order to be entitled to redeem. This appeal, therefore, involves the ownership of the $3,000.

1. Does the moratorium statute confer upon the court power to fix the redemption figure at the full amount of the mortgage debt instead of the amount bid at the foreclosure sale, plus interest, et cetera? 3 Comp. Laws 1929, § 14435 (Stat. Ann. § 27.1231), provides in effect that a mortgagor may redeem within one year from the time of foreclosure sale by paying the amount bid thereat, with interest, et

cetera. By its terms the mortgage moratorium act (Act No. 98, Pub. Acts 1933), as amended by Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), and Acts Nos. 3 and 158, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 14444–1 *et seq.*, Stat. Ann. § 27.1321 *et seq.*), gives the trial court power, under certain equitable conditions, to extend the time within which the right of redemption may be exercised. It does not confer upon courts power to alter the statutory conditions upon which redemption may be made. Nor does it confer a new general equitable jurisdiction to control foreclosure proceedings. See *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644; *Harrow* v. *Metropolitan Life Ins. Co., ante,* 349. The court granting a moratorium order is without power to increase the amount necessary to redeem under section 14435.

2. Appellant claims that, thus applied, the moratorium statute is unconstitutional. It is argued that the moratorium act must give compensation to the mortgagee for any interference with his contractual rights in order to be within constitutional limitations. *Home Building & Loan Ass'n* v. *Blaisdell,* 290 U. S. 398 (54 Sup. Ct. 231, 88 A. L. R. 1481); *Virginian Joint Stock Land Bank of Charleston* v. *Hudson, supra; Sawn* v. *Williams,* 273 Mich. 402, and *Soper* v. *Ridgemoor Country Club,* 275 Mich. 129. Appellant says that the bid price, representing the market value at the time of the sale, "reflects" and is "comparable to" the market value of the property at the end of the statutory one-year redemption period; that this equivalence is an important contractual right and, if it is not protected under the act by giving the mortgagee the benefit of the increased value of the property when the mortgagor seeks to redeem during the extended redemp-

tion period, the act must be held unconstitutional. The argument has several fatal weaknesses, but it is sufficient to say that the factual assumption upon which it rests, namely, that the market value of the mortgaged premises at the time of sale is equivalent to its value at the expiration of the ordinary period of redemption, is incorrect. We take judicial notice of the fact that real estate values may fluctuate drastically, upward or downward, during the one-year statutory redemption period, so that, at the end of the year, the market value of the premises may either be greatly in excess of, or substantially less than, the amount of the bid price. The mortgagor has the right to redeem during the year following the sale for the amount of the bid, et cetera, despite any increase in the value of the property, and, therefore, no contractual right of the mortgagee is impaired when similar redemption is permitted during the extended redemption period. The moratorium act does not prevent a mortgagee from obtaining the same benefit from his security and the same deficiency judgment because the amount necessary to redeem is not reduced by the act, nor is the amount of the deficiency affected. It may be that if the mortgagee could foresee that a mortgagor will seek the benefits of the moratorium act and, if he could at the same time foresee that the value of the property will increase during the moratorium period, he would make a higher bid at the time of foreclosure sale and thereby obtain a greater benefit from the security. The fact nevertheless remains that he is no worse off by reason of the moratorium.

Appellant also says:

"Were it not for moratorium relief, the mortgage creditor who was also the foreclosure purchaser would have been the sole owner of the property in

question at the time of its resale, and would have realized full payment of its just debt.''

That is, if no moratorium statute had been enacted, the period of redemption would have expired at the end of the year following the sale, the mortgage contract would have been at an end, and the mortgagee would have been owner of the property and entitled to retain all the moneys arising out of any subsequent resale. The receiver argues that the extension of the period of redemption deprives him of the amount of the resale price in excess of the amount he has bid for the property and the act is, therefore, unconstitutional unless he is compensated therefor. Logically, this argument means that the receiver in the instant case is entitled to the entire $8,000 excess of the resale price over the bid price; however, all that the receiver is asking in the instant case is payment of the balance of the mortgage debt out of the proceeds of the resale. This argument is based upon the conjectural assumptions that the mortgagor would not have redeemed during the original year of redemption, and that the mortgagee would not have disposed of the property prior to the rise in its value after expiration of the statutory one-year redemption period, had no moratorium been granted. It is, of course, impossible in this case, and would be impossible in any case, to ascertain the correctness of these assumptions, and they will always remain in the realm of conjecture, because it is, and always will be, the fact that a moratorium order has been granted. We do not believe that the possibility, that these two assumptions would have been the fact in this or any case had no moratorium order been granted, is sufficiently strong to dignify it by the name of a right requiring constitutional protection. We conclude,

therefore, that the destruction of this possibility by the moratorium act does not deprive defendant of any constitutional rights. See *Yazoo & Mississippi Valley R. Co.* v. *Jackson Vinegar Co.*, 226 U. S. 217, at pp. 219, 220 (33 Sup. Ct. 40).

Appellant suggests that the holding of the trial court makes it advantageous for a mortgagor to wait until after the foreclosure sale before applying for moratorium relief. If there are inequities in such conduct on the part of a mortgagor, they should be considered at the time the moratorium application is heard; they have no bearing upon the constitutional question under consideration.

3. Appellant's answer to plaintiff's petition for a determination of the amount necessary to redeem from the foreclosure was filed March 29, 1937. It included a motion to dismiss the original moratorium order on the ground that plaintiff was not the owner of the mortgaged premises as survivor of her husband and herself as tenants by the entireties, as she alleged in her bill of complaint, and that, therefore, she was not the real party in interest. This motion, directed to an alleged defect not apparent upon the face of plaintiff's bill, was made over a year and a half after plaintiff's bill of complaint, seeking a moratorium order, was filed, and no explanation is given by appellant for the delay. Plaintiff fully performed the conditions of the original moratorium order and defendant accepted the benefits of this performance without objection. This motion, under the circumstances, came too late. No objection is made in the answer as to plaintiff's right to redeem other than the contention, previously disposed of herein, that the sum required in order to redeem should be fixed at the full amount of the mortgage debt.

The extension of the period of redemption by order of a court of equity, after a consideration of the respective rights of the parties, does not preclude redemption of the property from foreclosure within the moratorium period for the amount bid at the foreclosure sale, and interest, et cetera, thereon to date of redemption.

The order of the circuit court from which defendant has appealed is affirmed, with costs to appellee, and the cause remanded for the entry of an order for the disbursement of the impounded funds in accordance with this opinion.

Wiest, C. J., and Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.