572 P.2d 1246

CONSTRUCTION ENGINEERING AND MANUFACTURING CO., a New Mexico Corporation, Plaintiff-Appellant,

v.

DON ADAMS MINING CO., INC., a New Mexico Corporation, Defendant-Appellee.

No. 11376.

Supreme Court of New Mexico.

Dec. 12, 1977.

Rehearing Denied Jan. 12, 1978.

Matthews, Shannon & Hooker, Thomas F. Hooker, Jr., Albuquerque, for plaintiff-appellant.

Terrance L. Dolan, Albuquerque, for defendant-appellee.

OPINION

PAYNE, Justice.

This suit was brought by the plaintiff, Construction Engineering and Manufacturing Company (CEMCO), to recover judgment on a promissory note and foreclose a mortgage on real property securing the promissory note. Plaintiff's motion for summary judgment was granted by the district court. Subsequently the defendant, Don Adams Mining Company, Inc. (Adams), made a motion to redeem the property which was resisted by CEMCO. The court ordered CEMCO to reconvey the property to Adams and plaintiff appeals that decision.

Adams signed a $10,000 promissory note and executed a real estate mortgage in favor of CEMCO. Adams failed to pay on the due date and CEMCO filed its complaint seeking judgment and foreclosure. Adams admitted that payment had not been made and CEMCO's motion for summary judgment was granted. Final judgment and decree of foreclosure were entered. At the foreclosure sale CEMCO was the only bidder and purchased the property for $500. This left a deficiency judgment in the amount of $10,782 including attorney's fees and costs. Adams then filed a motion to redeem the property pursuant to § 24–2–19, N.M.S.A.1953 (Supp.1975) for the sum of $500 plus interest at the rate of 10% per annum for a period of one year. The court ordered the clerk of the district court to accept the amount tendered in redemption of the real property. Thereafter, CEMCO filed a response to Adams' motion regarding redemption arguing: (1) that Adams' redemption tender was insufficient because it failed to pay the unpaid balance of the deficiency and, alternatively,

(2) that in the event the court allowed redemption, the mortgage lien of CEMCO should be restored allowing foreclosure of such lien and alias sale of the real estate to satisfy the deficiency judgment against Adams. The district court denied CEMCO's motion and ordered CEMCO to convey the redeemed property to Adams for the tendered amount. The deficiency judgment against Adams remains unsatisfied.

Section 24–2–19 providing for the redemption of real property sold under judgment or decree of foreclosure states in pertinent part as follows:

24–2–19. *Redemption of real property sold under judgment or decree of foreclosure.*—After sale of any real estate pursuant to any such judgment or decree of any court, the real estate may be redeemed by the former defendant owner thereof, . . . by paying to the purchaser, . . . the amount paid, with interest from the date of purchase at the rate of ten per cent [10%] a year together with all taxes, interest and penalties thereon paid by the purchaser, . . . . .

The statute appears straightforward and allows redemption by paying only the amount of the purchase price at the foreclosure sale plus taxes, interest and penalties. Appellant argues to the contrary, stating that in addition to the price paid at the foreclosure sale, Adams must also pay the unpaid balance of the deficiency judgment. CEMCO cites *Springer Corporation v. Kirkeby-Natus*, 80 N.M. 206, 453 P.2d 376 (1969) as authority for its position. The holding in *Springer* does not apply to this case. In *Springer,* Kirkeby-Natus had foreclosed its first mortgage covering 403 acres of land securing an indebtedness of $521,488.11. It purchased the property at the foreclosure sale for $323,625 and obtained a deficiency judgment. The deficiency judgment was reduced to $13,041.07 because of payments subsequently made. Springer Corporation held a second mortgage on 94.96 acres of the same tract of land. The second mortgage secured an indebtedness

of $77,800. Springer had been left out of the prior foreclosure proceedings and petitioned the court for relief. The trial court allowed Springer to redeem from Kirkeby-Natus by payment of the full amount that Kirkeby-Natus had paid for the entire 403 acres—$323,625 plus the $13,041.07 deficiency judgment. Springer argued for a right to redeem by paying a pro rata share of the price paid upon foreclosure. On appeal, this Court held that Springer could not redeem in part, but would have to purchase all of the land and pay the deficiency judgment. The Court did not treat the issue of whether the deficiency judgment also had to be paid before Springer could redeem.

The states of Michigan [1] and California [2] have statutes similar to the New Mexico statute. Under circumstances similar to the case at bar those states have held that a party may redeem by paying the purchase price paid at the foreclosure sale plus taxes, interest and penalties. *In re Chaboya*, 9 F.Supp. 174 (N.D.Cal.1934); *City Bank of San Diego v. Ramage*, 266 Cal.App.2d 570, 72 Cal.Rptr. 273 (1968); *Haskins v. Certified Escrow and Mortgage Company*, 96 Cal.App.2d 688, 216 P.2d 90 (1950); *Duff v. Randall*, 116 Cal. 226, 48 P. 66 (1897); *Heimerdinger v. Heimerdinger*, 299 Mich. 149, 299 N.W. 844 (1941); *Hilliard v. Schram*, 285 Mich. 686, 281 N.W. 405 (1938).

■ We are of the opinion that § 24–2–19 should be given its plain, literal meaning. Adams was only required to pay the $500 plus taxes, interest and penalties in order to redeem the property.

■ The second issue raised by CEMCO is that the court erred in not granting its motion to restore the mortgage lien, foreclosing the lien and ordering an alias sale of the property.

It is not necessary to reach the issue of whether the mortgage lien should be revived upon redemption by the mortgagor. *See generally* Annot., 128 A.L.R. 796 (1940). Our present statutory scheme provides

---

1. Mich.Comp.Laws § 600.3240 (1970) and prior laws.

2. Cal.Civ.Proc.Code § 702 (West Supp. 1977) and prior laws.

CEMCO with a remedy. The deficiency judgment obtained by CEMCO at the foreclosure sale became a lien on the debtor's real estate upon compliance with § 21–9–6, N.M.S.A. 1953 (Supp.1975). Any real estate of the debtor within the state would be subject to this lien. Once the mortgagor redeems foreclosed property, it again becomes part of his real estate and thus subject to the judgment lien and foreclosure. A foreclosure suit would then be the proper remedy to effect payment of the amount of the deficiency. § 24–1–22, N.M.S.A. 1953.

The trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and FEDERICI, J., concur.